679 So.2d 1255 (1996)
Robert McCLENDON, Appellant,
v.
STATE of Florida, Appellee.
No. 96-822.
District Court of Appeal of Florida, First District.
September 17, 1996.
Rehearing Denied October 17, 1996.
Robert McClendon, Lake Butler, Pro Se.
No appearance by Appellee.
PER CURIAM.
The appellant challenges an order whereby the trial judge denied the appellant's Florida Rule of Criminal Procedure 3.800(a) motion. Because the trial judge erroneously determined that any error was harmless, we reverse.
In his motion, the appellant alleged that his scoresheet reflected 40 points for victim injury that under Karchesky v. State, 591 So.2d 930 (Fla.1992), should not have been added. The appellant further alleged that the deduction of the 40 points would have placed him in a lower sentencing range. The trial judge did not address the merits of the claim. He reasoned that he need not do so because, even absent the 40 points, the appellant's sentence would have fallen within the permitted range. But this is not a sufficient basis for a finding of harmlessness. See Burrows v. State, 649 So.2d 902 (Fla. 1st DCA 1995).
The trial judge must therefore reconsider the claim. We note that the appellant will be *1256 entitled to relief on his claim only if it is apparent from the face of the record that the 40 points were improperly added. See State v. Callaway, 658 So.2d 983, 988 (Fla.1995); see also Harper v. State, 632 So.2d 104 (Fla. 1st DCA 1994).
The order is reversed and the case is remanded.
ALLEN, WEBSTER and LAWRENCE, JJ., concur.