PER CURIAM.
Appellant, the State of Florida, appeals the trial judge’s decision to apply 40 points for sexual contact rather than 80 points for sexual penetration on appellee’s sentencing guidelines scoresheet. We affirm.
First, we note that because a factual determination by the trial judge is at issue in this case, the correct standard of review is whether the decision is supported by competent, substantial evidence. See Philip J. Padovano, Florida Appellate Practice § 9.6 (1997); Dwight v. State, 677 So.2d 1363, 1364 (Fla. 1st DCA 1996).
The State cites McClendon v. State, 679 So.2d 1255 (Fla. 1st DCA 1996), to support its contention that the trial judge erroneously selected 40 points for sexual contact. In McClendon, the trial judge included 40 victim injury points in violation of Karchesky v. State, 591 So.2d 930 (Fla.1992). The defendant brought the error to the attention of the trial judge, claiming the deduction of the 40 points would place him in a lower sentencing range. The trial judge did not respond to this claim and instead deemed the computation “harmless error” because the defendant’s sentence would have fallen within the permitted range even without the 40 points. This court reversed, finding that this was not a sufficient ground upon which to base harmlessness. See McClendon, 679 So.2d at 1255 (citing Burrows v. State, 649 So.2d 902 (Fla. 1st DCA 1995)).
McClendon is not applicable here. In McClendon the issue was the inclusion of victim injury points in violation of controlling case law. This case involves the making of a factual determination by the trial court, which must be based upon competent substantial evidence that supports the court’s finding that contact rather than penetration occurred. See Dwight, 677 So.2d at 1364. Although there was conflicting evidence, the record indicates that competent substantial evidence does exist to support the trial judge’s finding that sex contact rather than sex penetration occurred. The victim made conflicting statements during her deposition and while testifying at trial. Ultimately, the trial judge had the opportunity to hear and observe the victim and other witnesses. As the supreme court has noted:
It is not the function of the appellate court to substitute its judgment for that of the trial court through re-evaluation of the testimony and evidence from the record on appeal before it. The test ... is whether the judgment of the trial court is supported by competent evidence. Subject to the appellate court’s right to reject “inherently incredible and improbable testimony or evidence,” it is not the prerogative of an appellate court, upon a de novo consider *619 ation of the record, to substitute its judgment for that of the trial court.
Shaw v. Shaw, 334 So.2d 13, 16 (Fla.1976). This court has stated that “[wjhere there appears conflicting evidence before the trial court, and the trial court resolves the conflict one way or the other, this Court will not interfere with the determination of the lower court.” State v. Thomas, 212 So.2d 910, 911 (Fla. 1st DCA 1968).
Regarding appellant’s argument that the jury’s conviction of appellee proves that penetration of the victim did occur, a conviction under the statute does not, contrary to the State’s assertion, conclusively prove that penetration occurred. Section 794.011(1)(h), Florida Statutes, defines sexual battery as “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object[.j” (Emphasis added). Thus, the jury could have convicted appellee by concluding that he had union with, rather than penetrated, the victim’s vagina.
Accordingly, we affirm the trial judge’s application of 40 sex contact points on appel-lee’s sentencing guidelines worksheet.
AFFIRMED.
MINER and LAWRENCE, JJ., and MCDONALD, PARKER LEE, Senior Judge, concur.