912 So.2d 332 (2005)
Kirby Cameron PERRITTE, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2761.
District Court of Appeal of Florida, Fifth District.
September 2, 2005.
Rehearing Denied October 10, 2005.
*333 James S. Purdy, Public Defender, and Brynn Newton, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Mary G. Jolley, Assistant Attorney General, Daytona Beach, for Appellee.
MONACO, J.
Kirby Cameron Perritte appeals from the judgment and sentence finding him guilty of capital sexual battery upon a victim under the age of 12, and sentencing him to a mandatory minimum term of life in prison. The primary issue raised by Mr. Perritte concerns the fact that the jury was not asked to make a specific finding that Mr. Perritte was over the age of 18 at the time of the offense. Mr. Perritte argues that the absence of this finding requires that the judgment be corrected to reflect a conviction of a life felony, as opposed to the capital felony that mandated life imprisonment. Although Mr. Perritte's argument has some merit if the holding in Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), were to be applied in a knee-jerk fashion, we conclude that an affirmance is appropriate in this case, given the undeniable fact that the matter of Mr. Perritte's age was never in question.
Mr. Perritte was charged by information with having violated section 794.011(2)(a), Florida Statutes (2001), by committing a sexual battery on diverse dates over a two-year period on a victim who was alleged to be between the ages of 9 and 11 at the time of the offense.[1] The information, which was read to the jury by the trial judge, specifically charged that Mr. Perritte was over 18 years of age. Mr. Perritte pled not guilty, and the case proceeded to trial.
At trial, the victim's mother testified that she had gone to birthday parties for Mr. Perritte during the two-year period encompassing the offense at which time he celebrated his forty-ninth and fiftieth birthdays. Moreover and of greater significance, Mr. Perritte testified in his own behalf at trial that he was then fifty-three years old. Subtracting the years that had passed since the commission of the acts constituting the offense from his age at trial would place him at about 49 to 50 years old when the sexual battery was committed.
After the state and defense rested, the trial court instructed the jury on the elements of the offense of sexual battery, as follows:
To prove the crime of sexual battery upon a person less than 12 years of age, the State must prove the following two elements beyond a reasonable doubt:
1. [K.K.] was less than 12 years of age at the time of the offense.
2. Kirby Cameron Perritte committed an act upon [K.K.] in which the penis of the defendant penetrated or had union with the vagina of [K.K.].
However, any act done for bona fide medical purposes is not a sexual battery.
"Union" means contact.
The defense, adopting an all-or-nothing strategy, stated that it had no objection to the giving of the instruction, and requested further that no instructions on lesser offenses be given. While reading the instructions to the jury, the trial judge interrupted his discourse, and attempted at side *334 bar to raise the fact that the instructions did not require that the age of the defendant be found. He was about to read an instruction concerning punishments, depending on whether or not the defendant was 18 or over, when he realized that this instruction might be contrary to the all-or-nothing strategy being employed by Mr. Perritte. In response, the defense specifically agreed to the removal of language in the instruction concerning the age of the defendant, because of its decision to waive any instructions on lesser offenses.
The jury returned a verdict of guilty of sexual battery, but there was no special finding concerning the age of the defendant at the time of the offense. Mr. Perritte did not raise the issue of the absent finding at any time prior to sentencing. In fact, it was not raised until he filed his second motion pursuant to Rule 3.800(b)(2), Florida Rules of Criminal Procedure, to correct his sentence.[2] He now asserts that his mandatory life sentence was imposed in violation of Apprendi.
In Apprendi the United States Supreme Court held that other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. The Florida statutes associated with the offense of capital sexual battery may well be impacted by this decision.
Section 794.011(2)(a), which defines sexual battery, states:
A person 18 years of age or older who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a capital felony, punishable as provided in ss. 775.082 and 921.141.
Subsection (2)(b) of this statute sharpens the distinction with respect to the age of the defendant as follows:
A person less than 18 years of age who commits sexual battery upon, or in an attempt to commit sexual battery injures the sexual organs of, a person less than 12 years of age commits a life felony, punishable as provided in s. 775.082, s. 775.083, s. 775.084, or s. 794.0115.
This court has previously established that the age of a defendant is an essential element of the crime of capital sexual battery. See Glover v. State, 815 So.2d 698 (Fla. 5th DCA 2002); D'Ambrosio v. State, 736 So.2d 44 (Fla. 5th DCA 1999). Thus, if the state is seeking a conviction of capital sexual battery, the jury should ordinarily be given a verdict form that requires it to determine whether or not the defendant is 18 years old or older. But implicit in the Apprendi rationale, we believe, is the common sense concept that there must be some dispute about a fact before it is required to be submitted to a jury.
In the present case the jury could not reasonably have found Mr. Perritte to have been less than 18. The information, which was read to the jury by the trial judge, charged that he was over 18. The jury saw Mr. Perritte in the courtroom. They heard the victim's mother testify that she had attended his 49th and 50th birthday parties. Most importantly, they heard Mr. Perritte testify that he was 53 years old at the time of the trial. No evidence to the contrary was received, and Mr. Perritte did not object to the instruction or *335 verdict form that omitted his age, and in fact agreed to the omissions. Certainly Apprendi ought to be applied with a modicum of common sense.
We are encouraged in our conclusion by the recent decision of the Florida Supreme Court in Pena v. State, 901 So.2d 781 (Fla.2005), where the court noted in a case involving an unobjected to failure to include an age element in an instruction concerning the crime of first degree murder by distribution of drugs (a crime requiring the offender to be at least 18 years of age):
We agree with the District Court. There is no dispute that Pena was 28 years old at the time of the crime. In his recorded statement, Pena indicated he was born on June 25, 1971. This recorded statement was presented to the jury. No contrary evidence was introduced. Furthermore, Pena voiced no objection that the instruction did not include age as an element of the crime. Under the specific facts of this case, even if Pena had objected and preserved this issue for review, the error would be harmless. See Glover v. State, 863 So.2d 236, 238 (Fla.2003) (holding that although the defendant's age is a statutory element of capital sexual battery, failure to include the age element in the jury instructions was not fundamental error where the defendant's age was not a disputed fact).
Id. at 784.
While not directly parallel to the case before us, the rationale, we believe, is applicable. Mr. Perritte was charged with a capital sexual battery, an offense requiring him to be at least 18. Not only did he fail to contest the matter of his age, he essentially admitted that he was over 18 at the time of the offense. He sought no instruction on lesser offenses, and actively participated in the decision not to instruct the jury concerning his age. Implicit in the holding of Apprendi is the notion that before a sentence-increasing fact must be submitted to a jury and proven beyond a reasonable doubt, the fact must first be disputed. See Apprendi, 530 U.S. at 487-488, 120 S.Ct. 2348; Almendarez-Torres v. U.S., 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).
Here, there was no dispute concerning Mr. Perritte's age. Moreover, unlike more amorphous sentence-enhancing concepts such as "motive" that was found by the judge in the Apprendi case, age amounts to a physical fact. It is much more akin to the prior convictions that were admitted by the defendant in Almendarez-Torres. If a defendant admits it, what point is served by requiring a jury to find his age in circumstances where the defendant does not even ask for the jury to do so? We conclude, therefore, that while better practice might well have been to include a finding concerning Mr. Perritte's age on the verdict form, under the particular circumstances of this case, an affirmance is appropriate.
We have reviewed the supplemental issue raised by Mr. Perritte concerning the introduction of Williams[3] Rule evidence, but find no abuse of discretion in this regard.
AFFIRMED.
PLEUS, C.J. and ORFINGER, J., concur.
NOTES
[1] Mr. Perritte was charged with a second capital sexual battery involving the victim in this case, but as he was acquitted of this charge, we will, for simplicity, omit further reference to that matter.
[2] He was able to file a second motion because he was granted additional time to file his initial brief in this court.
[3] Williams v. State, 110 So.2d 654 (Fla.), cert. denied, 361 U.S. 847, 80 S.Ct. 102, 4 L.Ed.2d 86(1959).