921 So.2d 758 (2006)
Keith COGGINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D04-5333.
District Court of Appeal of Florida, First District.
February 22, 2006.
Nancy A. Daniels, Public Defender, and Richard M. Summa, Assistant Public Defender, Tallahassee, Attorneys for Appellant.
Charlie Crist, Attorney General, and Carolyn J. Mosley, Assistant Attorney General, Tallahassee, Attorneys for Appellee.
PER CURIAM.
This is a direct appeal from Appellant's conviction for sexual battery while in a position of familial or custodial authority. We affirm Appellant's conviction without further comment, but we reverse the imposition of Appellant's sentence due to a scoresheet error.
The information charged that Appellant committed sexual battery by "placing his penis in or upon" the victim's vagina. The verdict form only allowed the jury to find Appellant either not guilty or guilty as *759 charged in the information. At sentencing, the trial court included 80 points for sex penetration on Appellant's guideline scoresheet.[1] Appellant filed a Florida Rule of Criminal Procedure 3.800(b)(2) motion and relied on Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), to object to the imposition of the sex penetration points. We find that the trial court incorrectly denied Appellant's motion.
In Blakely, the United States Supreme Court reiterated that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Blakely, 124 S.Ct. at 2536 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). The court defined the statutory maximum as the maximum a trial court could impose without additional findings. Id. at 2537. To satisfy the reasonable doubt standard, any facts used to depart from a prescribed sentencing scheme must be determined by a jury. Id. In this case, the jury never had the option of choosing whether the sexual battery occurred through union with or penetration of the victim's vagina. Thus, the jury never made a specific finding that penetration occurred, and the trial court erred by assessing Appellant 80 points for sex penetration. Behl v. State, 898 So.2d 217 (Fla. 2d DCA 2005) (reversing an appellant's sentence because the trial court included 80 points for sex penetration without a specific jury finding). However, the jury did necessarily find that sex contact occurred; thus, Appellant's guideline scoresheet should have reflected 40 points for sex contact. Id. at 223-223; Gisi v. State, 909 So.2d 531, 534 (Fla. 2d DCA 2005).
We therefore reverse Appellant's sentence and remand for resentencing as directed.
REVERSED and REMANDED.
KAHN, C.J., PADOVANO and THOMAS, JJ., concur.
NOTES
[1] The information charged that Appellant committed the crime between March 1 and December 31, 1998. The Criminal Punishment Code only applies to crimes that were committed on or after October 1, 1998. § 921.002, Fla. Stat. (1999). Thus, Appellant was sentenced pursuant to the 1998 guideline scoresheet.