WARNER, J.
Appellant appeals his convictions of two counts of child abuse and three counts of committing unnatural and lascivious acts. He claims that the court erred in assessing 120 sexual contact points on his criminal punishment scoresheet, because he was acquitted of the greater charge involving sexual contact. We agree and reverse.
Robert Leveille was charged with multiple counts of child abuse and lewd or lascivious battery for contact with a thirteen-year-old child. In particular, counts I, III, VI, and VII charged Leveille with lewd or lascivious battery under section 800.04, Florida Statutes. The jury instructions for counts I and VI provided that the elements that the state had to prove for this crime were: 1) P.B. was between the ages of twelve and sixteen; and 2) “Lev-eille engaged in sexual activity with [P.B.] in which the vagina of [P.B.] was penetrated by an object.” The instructions for counts III and VII provided that the elements for these counts were: 1) P.B. was between the ages of twelve and sixteen; and 2) “Leveille engaged in sexual activity with [P.B.] in which the sexual organ of the defendant penetrated, or had union with the vagina of [P.B.].”
The trial court instructed the jury on the lesser included offense of committing an unnatural and lascivious act with another person, a misdemeanor, pursuant to section 800.02, Florida Statutes. The jury instructions for this offense provided that the elements were:
(1) Robert Leveille engaged in sexual activity with B.B.
(2) The act was unnatural and lascivious.
“Unnatural” means not in accordance with nature or with normal feelings or behavior.
“Lascivious” means lustful, normally tending to excite a desire for sexual satisfaction.
The jury convicted Leveille of this lesser included crime in counts I, III, and VII, and found him not guilty on count VI.
Despite the fact that the jury did not find Leveille guilty of a violation of section 800.04, the trial court assessed “sexual contact” points, because it found that the charged offense included sexual contact. This was error. Section 921.0021(7), Florida Statutes, provides:
(7)(a) “Victim injury” means the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for ivhich an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
(b) Except as provided in paragraph (c) or paragraph (d), ...
2. If the conviction is for an offense involving sexual contact that does not include sexual penetration, the sexual contact must be scored in accordance with the sentence points provided under s. 921.0024 for sexual contact, regardless of whether there is evidence of any physical injury.
*1010 (Emphasis supplied). Section 921.0024, Florida Statutes, provides that forty points are to be assessed for victim injury for sexual contact with no penetration. These were the points that the court assessed on Leveille’s scoresheet.
Florida Rule of Criminal Procedure 3.704(d)(9) states, in pertinent part: “victim injury must not be scored for an offense for which the offender has not been convicted.” Despite this prohibition, the trial court determined that the crime charged included a definition of sexual activity which included penetration or contact. See § 800.04(l)(a), Fla. Stat. Nevertheless, the crime of which Leveille was convicted did not require sexual contact, and the jury was never asked to determine factually whether sexual contact occurred. Thus, the jury’s verdict did not constitute a factual determination necessary to support the imposition of additional points for the crimes of which Leveille was convicted. See Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) (holding that the Sixth Amendment prohibits imposition of sentence above the maximum sentence where facts supporting finding for exceptional sentence are neither admitted by the defendant nor found by a jury); see also Behl v. State, 898 So.2d 217 (Fla. 2d DCA 2005).
For these reasons, we reverse the sentence and remand for imposition of a sentence on a corrected scoresheet eliminating the 120 points assessed for sexual contact. We affirm without comment the challenge to appellant’s convictions.
KLEIN and HAZOURI, JJ., concur.