PER CURIAM.
This is the second appeal arising from the denial of Appellant’s August 2010 post-conviction motion filed pursuant to Florida Criminal Procedure Rule 3.850. In the first appeal, we affirmed the denial of all but one of Appellant’s claims — that the trial court imposed an illegal upward departure sentence under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). We remanded the Apprendi/Blakely claim, and directed the postconviction court to conclusively show Appellant is not entitled to relief, conduct a harmless error analysis, or resentence Appellant. See DeLaFé v. State, 106 So.3d 483, 484 (Fla. 1st DCA 2013). On remand, the postconviction court determined that the sentencing court’s failure to submit the upward departure issue to the jury was harmless error, and accordingly, denied Appellant’s claim.
Where an Apprendi/Blakely error has occurred, the harmless error analysis asks, “whether the record demonstrates beyond a reasonable doubt that a rational jury would have found [the facts at issue].” Galindez v. State, 955 So.2d 517, 523 (Fla.2007). In sentencing Appellant for two counts of attempted sexual battery upon a child under 12 years of age, the trial court found the following aggravating factors justified an upward departure from the guidelines sentence:[1] (1) The victim was especially vulnerable due to her age at the time of the offense — 5 years old; (2) The acts committed by Appellant were not an isolated incident; (3) Appellant had perpetrated similar acts on another child; (4) Appellant, as the child’s stepfather, stood in a position of trust and had authority over her. Upon review of the record portions the postconviction court attached to its order, we conclude that, had the jury considered the sentencing departure issue, it would have found two of the factors above — the victim was particularly vulner *295 able because of her age, and Appellant occupied and breached a position of trust and familial authority. Both factors are valid grounds for an upward departure sentence in this case. See Capers v. State, 678 So.2d 830, 883 (Fla.1996) (holding that victim’s vulnerability due to age is a valid basis for departure sentence for attempted capital sexual battery on person less than 12 years of age); Hawkins v. State, 522 So.2d 488, 490 (Fla. 1st DCA 1988) (stating that defendant’s breach of special trust from familial authority and victim’s particular vulnerability are acceptable grounds for departure in sexual battery cases). Because “the existence of any permissible departure reason requires that the departure sentence be upheld,” see Fleming v. State, 88 So.3d 288, 290 (Fla. 1st DCA 2012), we affirm the denial of Appellant’s Apprendi/Blakely claim.
AFFIRMED.
LEWIS, C.J., MARSTILLER, and OSTERHAUS, JJ., concur.

. The applicable guidelines scoresheet yielded a sentence of 190 months in prison; the trial court imposed a sentence of 237 months.