DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WILLIAM GREENE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-2925

[March 2, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 502013CF000046A.

Ashley Nicole Minton of Minton Law, P.A., Fort Pierce, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his convictions and sentences on two counts of lewd or lascivious molestation-offender 18 or older, victim 12 to 16, and one count of lewd or lascivious conduct-offender 18 or older. In his first issue, he argues the State's comments in closing argument constituted fundamental error by shifting the burden of proof to the defendant and bolstering the victim's credibility. We disagree and affirm his conviction without further comment. In his second issue, he argues the trial court erred in imposing 120 victim injury points. We agree with him on this issue and reverse.

The State charged the defendant with three counts of lewd or lascivious molestation-offender 18 or older, victim 12 to 16, and one count of lewd or lascivious conduct-offender 18 or older. The case proceeded to a jury trial, which resulted in a conviction on two of the three lewd or lascivious molestation charges and the lewd or lascivious conduct charge. The court assessed 120 victim injury points over defense objection and sentenced him on each count to 147 months' imprisonment, followed by 33 months'

sex offender probation, with jail credit of 105 days, to run concurrently.

The defendant argues the trial court erred in assessing three sets of forty sexual contact points because only two of his three convictions necessarily involved sexual contact. He argues the conviction for lewd or lascivious conduct did not require the imposition of sexual contact points because there were alternative allegations, one of which did not involve sexual contact. The State responds that the defendant was found guilty of lewd or lascivious molestation for improper touching both above and below the victim's clothing and French kissing, and the defendant failed to show the trial court's factual determination was unsupported by the record.

We review a trial court's assessment of sexual contact points to determine if it is supported by competent substantial evidence. *State v. Wilford*, 720 So. 2d 617, 618 (Fla. 1st DCA 1998).

At the sentencing hearing, defense counsel objected to the assessment of 120 sexual contact points based upon the allegations in the three counts of which the defendant was convicted. Over his objection, the trial court imposed 120 sexual contact points for three separate sexual contacts.

> (7)(a) "Victim injury" means the physical injury or death suffered by a person as a direct result of the primary offense, or any additional offense, for which an offender is convicted and which is pending before the court for sentencing at the time of the primary offense.
>
> (b) Except as provided in paragraph (c) or paragraph (d),
> . . . .
>
>> 2. If the conviction is for an offense involving sexual contact that does not include sexual penetration, the sexual contact must be scored in accordance with the sentence points provided under s. 921.0024 for sexual contact, regardless of whether there is evidence of any physical injury.

§ 921.0021(7)(a)–(b), Fla. Stat. (2014). Under section 921.0024, sexual contact is scored at forty points for each conviction involving sexual contact. *Id.* § 921.0024(1)(a).

The jury found the defendant guilty of two counts of lewd or lascivious molestation. The court correctly assessed two sets of sexual contact points

for these counts, and the defendant does not contest those. It is the third set of forty sexual contact points assessed on the lewd and lascivious conduct charge that is at issue.

The information alleged the defendant "intentionally touch[ed] [the victim], a person under 16 years of age in a lewd or lascivious manner; *or* solicit[ed] [the victim] to commit a lewd or lascivious act, in violation of Florida Statute 800.04(6)(a)(b)." (Emphasis added). Pursuant to section 800.04(6), Florida Statutes (2012), lewd or lascivious conduct is defined as the following:

> (6) LEWD OR LASCIVIOUS CONDUCT.—
>
> (a) A person who:
>
>> 1. Intentionally touches a person under 16 years of age in a lewd or lascivious manner; *or*
>>
>> 2. Solicits a person under 16 years of age to commit a lewd or lascivious act
>
> commits lewd or lascivious conduct.
>
> (b) An offender 18 years of age or older who commits lewd or lascivious conduct commits a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

§ 800.04(6)(a)–(b), Fla. Stat. (emphasis added). The statute gave the jury the option to find the defendant guilty of lewd or lascivious conduct under either theory and only the first theory required sexual contact.

Although "sexual contact" is not statutorily defined, "[t]he most common usage of the phrase 'sexual contact,' according to the court, 'encompasses the physical touching of a person's sexual body parts.'" *Altman v. State*, 852 So. 2d 870, 874 (Fla. 4th DCA 2003) (quoting *Seagrave v. State*, 802 So. 2d 281, 286 (Fla. 2001)).

We have also required a sexual contact as the basis of the crime or a jury finding that sexual contact occurred to assess sexual contact points. *See Leveille v. State*, 927 So. 2d 1008, 1010 (Fla. 4th DCA 2006) ("Nevertheless, the crime of which [the defendant] was *convicted* did not *require* sexual contact, and the jury was never asked to determine factually whether sexual contact occurred.").

3

*Behl v. State*, 898 So. 2d 217 (Fla. 2d DCA 2005), is instructive. There, the defendant was convicted of one count of sexual battery on a child under 12 and two counts of sexual battery by a person in familial or custodial authority (counts II and III). *Id.* at 219. The jury found the defendant guilty as charged. *Id.* On his scoresheet, the defendant received 160 points (eighty penetration points times two penetrations) for sexual penetration in counts II and III. *Id.* at 219–20. Based on his scoresheet, he was sentenced to the maximum prison sentence on counts II and III, to run concurrently. *Id.* at 220.

On appeal, the defendant argued the trial court erred in imposing points on both counts for sexual penetration. *Id.* The Second District held that because a conviction on count II could occur with or without penetration, and the jury failed to make a specific finding, the penetration points could not be assessed. *Id.* at 222. Because count II "necessarily involved [sexual] contact," the court reversed the sentence on count II and remanded for resentencing with a corrected scoresheet that reflected forty sexual contact points instead of eighty sexual penetration points. *Id.* at 223.

Here, the third set of sexual contact points could be imposed only if sexual contact was found to have occurred either because the crime necessarily required it or the jury made such a finding. Because section 800.04(6)(a) offered two bases for finding a violation—solicitation (no sexual contact) or touching (sexual contact)—without a finding that sexual contact occurred, no sexual contact points could be assessed.

This conclusion is supported by the State limiting its argument to solicitation of the victim during the charge conference, and by arguing that the lewd or lascivious conduct charge was based upon solicitation in rebuttal. The trial court similarly limited its jury instruction on this charge to solicitation. And finally, the verdict form did not include a finding of sexual contact on the lewd or lascivious conduct charge.

We therefore reverse the assessment of the third set of forty sexual contact points for the lewd or lascivious conduct charge. We remand the case to the trial court for resentencing under a corrected scoresheet.

*Reversed and Remanded for Resentencing.*

STEVENSON and FORST, JJ., concur.

*       *       *

4

*Not final until disposition of timely filed motion for rehearing.*