# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

————————————————

No. 1D17-2992

————————————————

WILSON BRANDON SCOTT,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

————————————————

On appeal from the Circuit Court for Bay County.
Michael C. Overstreet, Judge.

November 6, 2018


PER CURIAM.

Appellant challenges his conviction for sexual battery raising various grounds for error. We affirm and write only to address Appellant's contention that the trial court improperly sentenced him to a first degree felony under section 794.011(5)(a), Florida Statutes, and improperly assessed an adult-on-minor sentence points multiplier under section 921.0024(2), Florida Statutes, in absence of a jury verdict specifying the victim's age.

The age of the victim increased the maximum sentence faced by Appellant and was therefore an element of the crime which needed to be proven. *See Apprendi v. New Jersey*, 530 U.S. 466 (2000); *Blakely v. Washington*, 542 U.S. 296 (2004); *Alleyne v. United States*, 570 U.S. 99 (2013); *Insko v. State*, 969 So. 2d 922

(Fla. 2007); *see also Coggins v. State*, 921 So. 2d 758 (Fla. 1st DCA 2006). However, any error here is subject to a harmless error analysis. "Where an *Apprendi/Blakely* error has occurred, the harmless error analysis asks, 'whether the record demonstrates beyond a reasonable doubt that a rational jury would have found [the facts at issue].'" *DeLaFe v. State*, 124 So. 3d 293, 294 (Fla. 1st DCA 2013) (quoting *Galindez v. State*, 955 So. 2d 517, 523 (Fla. 2007)); *see also Perritte v. State*, 912 So. 2d 332 (Fla. 5th DCA 2005) (holding that since defendant's age was not in dispute there was no error in failing to instruct the jury on that element).[*]

The issues in dispute at trial were whether the incidents happened and whether the victim was under Appellant's custodial authority. The victim and her mother testified to the victim's age, and it was not in dispute. Further, during closing arguments defense counsel called the victim "[a] 16 year old." If any error occurred here, it was harmless beyond a reasonable doubt. Therefore, the judgment and sentence are AFFIRMED.

WETHERELL, BILBREY, and M.K. THOMAS, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————

Andy Thomas, Public Defender, and M.J. Lord, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Virginia Harris, Assistant Attorney General, Tallahassee, for Appellee.

—————————————

[*] The possibility of jury pardon is not a consideration in conducting this harmless error analysis.