943 So.2d 327 (2006)
Willard CHATMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D05-1177.
District Court of Appeal of Florida, Fourth District.
December 13, 2006.
Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, J.
Without discussion, we affirm defendant's multiple convictions for sexual offenses involving a minor. We pass on to the sentencing issue.
The verdict was general as to all counts, without any specific findings as to facts leading to sentencing enhancements. Nevertheless, at sentencing the trial judge assessed 160 additional points for "victim penetration." As a result of the assessment of these additional points, defendant's total sentencing score exceeded 363, a score that would otherwise allow an enhanced sentence of life, which was the actual sentence imposed. On appeal defendant argues a Blakely[1] violation. We agree.
Blakely requires "`any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" 542 U.S. at 301, 124 S.Ct. 2531 (quoting Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). The verdict forms in this case did not require the jury to make a specific finding of penetration. Instead, guilt was determined only "as charged in the information." The information charged "penetration" or "union." Hence the verdict form did not give the jury the opportunity to specify which alternative was the basis for the finding of guilty. In fact the nature of the actual charge, sexual activity with a minor, did not even require the State to prove penetration for a finding of guilt. As in Coggins v. State, 921 So.2d 758 (Fla. 1st DCA 2006), we find the sentencing enhancement in violation of Blakely, requiring a resentencing without the assessment of the victim penetration points. See also Whalen v. State, 895 So.2d 1222 (Fla. 2d DCA 2005) (sentence could not be enhanced unless factor supporting enhancement was shown in specific finding by jury; penetration points precluded *329 where jury did not make specific finding of penetration).
Convictions Affirmed; Sentence Reversed; Remanded for Resentencing.
SHAHOOD, J., and LEWIS, TERRY P., Associate Judge, concur.
NOTES
[1] Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004).