974 So.2d 552 (2008)
Edwin MANN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D07-675.
District Court of Appeal of Florida, Fifth District.
February 15, 2008.
*553 Edwin R. Mann, Lake City, pro se.
Bill McCollum, Attorney General, Tallahassee and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PALMER, C.J.
Edwin Mann (defendant) appeals the final order entered by the trial court summarily denying his post-conviction motion seeking to correct his sentence. Determining that an error is apparent on the face of the defendant's sentencing guidelines scoresheet, we reverse.
The defendant pled guilty as charged to three counts of lewd or lascivious battery and one count of lewd or lascivious molestation. The sentencing guidelines called for a sentence of incarceration; however, the sentencing court departed downward from the guidelines and imposed a sentence which did not include a term of incarceration. On direct appeal, this court reversed the sentence, ruling that there was no legal basis justifying the imposition of a downward departure sentence. See State v. Mann, 866 So.2d 179 (Fla. 5th DCA 2004).
On remand, the defendant was sentenced to a minimum guidelines sentence of 26.1 years' imprisonment. The defendant appealed that sentence and this court per curiam affirmed. See Mann v. State, 912 So.2d 1245 (Fla. 5th DCA 2005) (table).
The defendant thereafter filed the instant motion to correct sentence in which he alleged a scoresheet error. The trial court entered an order summarily denying the motion. This timely appeal followed.
The defendant contends that, on his sentencing guidelines scoresheet, victim injury points were improperly assessed against him for penetration to which he did not plead. We agree.[1]
The defendant pled guilty as charged to three counts of lewd and lascivious battery and one count of lewd and lascivious molestation. Count two specifically alleged penetration, but the other three counts alleged union or, in the alternative, penetration or union. The defendant's scoresheet scored victim injury points for penetration as to all four counts. As to the three counts which did not specifically allege penetration, this was error. As the *554 fourth district held in Chatman v. State, 943 So.2d 327 (Fla. 4th DCA 2006), when the information charges penetration or union, the assessment of victim penetration points is error absent a specific finding that penetration occurred. Although Chatman arose in a jury trial context, the same principle applies in a plea case.
Since the defendant pled guilty as charged, the assessment of penetration points on the three counts which did not specifically allege penetration was error and the defendant is entitled to be resentenced with a corrected scoresheet. Accordingly, we reverse and remand for the preparation of a corrected scoresheet and for resentencing based thereon.[2]
REVERSED and REMANDED.
ORFINGER and LAWSON, JJ., concur.
NOTES
[1] Although filed as a Fla. R.Crim. P. 3.800 motion, since the time frame for filing a Fla. R.Crim. P. 3.850 motion had not yet expired, we deem the defendant's motion as being a rule 3.850 motion and consider whether the record clearly established that the same sentence would have been imposed with a correct scoresheet. See Brooks v. State, 969 So.2d 238 (F14.2007).
[2] We recognize that the defendant raised his argument regarding the scoresheet error at his resentencing and on his direct appeal from the resentencing but that his sentence was affirmed. Generally, collateral post-conviction relief would be barred by the doctrine of the law of the case. See State v. McBride, 848 So.2d 287 (Fla.2003). However, our courts have specifically ruled that the doctrine should not be applied when its application would result in a manifest injustice. Given the fact that the defendant's scoresheet, on its face, reveals the scoresheet error, we have determined that application of the law of the case doctrine in this specific case would result in manifest injustice and, accordingly, we do not apply it.