JACOBUS, J.
John Richards timely appeals the judgment and sentence entered after he pleaded no contest to violating his probation. Richards contends that his sentencing on the violation of probation was based upon an incorrect scoresheet and, as a result, his sentence should be reversed so that he can be resentenced using a corrected scoresheet. We find merit to Richards’ argument and reverse and remand.
In 1991, Richards was convicted of attempted first-degree murder and robbery with a deadly weapon. He was sentenced to 27 years in prison to be followed by 3 years probation. After Richards’ release from prison, he began serving the probationary portion of his sentence. In March 2003, Richards was adjudicated guilty of violating his probation and was sentenced to time served. The court then reinstated Richards’ probation and imposed the same conditions that were previously imposed. Richards again violated his probation in February 2008. He signed an admission of violation of probation with no agreement regarding sentencing. At the sentencing hearing, the trial court used the original sentencing guidelines scoresheet which totaled 266 points. Because Richards had two violations of probation, there was a two-cell bump to determine the sentencing guidelines.[1] Using the original scoresheet, a two-cell bump put Richards in a recommended range of 27 to 40 years and a permissible range of 22 years to life.
Richards contends that his score-sheet was incorrect for two reasons. First, he claims his primary offense of attempted first-degree murder was improperly enhanced to a life felony and scored at 165 points. Second, he claims the original scoresheet improperly showed 21 points allocated for legal status at the time of the offense. The State concedes error on both points and admits that Richards’ primary offense should have been scored as a first-degree felony at 136 points and the 21 legal status points should not have been scored because Richards was not on probation at the time the offense was committed.
Given these facts, Richards’ original scoresheet should have shown a total of 216 points instead of 266 points. Using the corrected scoresheet and imposing the two-cell bump, the recommended range for Richards’ sentence would have been 22 to 27 years with a permissible range between 17 and 40 years.
The State argues that the error in Richards’ scoresheet is harmless because the permissible range included a maximum of 40 years and that is the term to which the court sentenced him. When a sentencing error is challenged by direct appeal, a 3.800(b) claim, or a motion for postconviction relief filed pursuant to rule 3.850, a scoresheet error is “harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet.” Brooks v. State, 969 So.2d 238, 241 (Fla.2007) (emphasis in original). Nothing in the instant record supports a finding that the trial court would have imposed the same sentence using the corrected scoresheet. Therefore, Richards’ sentence is vacated and the matter is remanded to the trial *31 court for resentencing using the corrected scoresheet.
SENTENCE VACATED and REMANDED with instructions.
MONACO and LAWSON, JJ., concur.

. “[WJhere there are multiple violations of probation, the sentence may be successively bumped to one higher cell for each violation.” Williams v. State, 594 So.2d 273, 275 (Fla. 1992).