NORTHCUTT, Judge.
Christopher D. Daniels appeals the revocation of his probation and the resulting forty-two-month sentence for sale or delivery of cocaine. The State concedes error as to Daniels’ single argument on appeal, that the circuit court erred in denying his motion to correct sentencing error. We affirm the revocation without further comment, but we reverse the sentence and remand for the circuit court to resentence Daniels based on a corrected scoresheet.
After Daniels admitted to violating his probation, the court held a “danger hearing” to determine whether Daniels posed a danger to the community. See § 948.06(8)(d), Fla. Stat. (2009). The hearing was required because Daniels previously had been convicted of murder in 1996. See § 948.06(8)(d)(l), (b)(2), (c)(2). The court concluded that Daniels did pose a danger to the community, but it also noted that this was “essentially a moot issue, because irrespective of whether I find him a danger or not, my resulting sentence would be the same.” The court revoked Daniels’ probation and sentenced him “to a prison sentence consistent with that recommended by the scoresheet.” The scoresheet prescribed a lowest permissible prison sentence of 41.85 months; the court sentenced Daniels to forty-two months in prison.
After filing his notice of appeal, Daniels filed a motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). He pointed out that the “prior record” section of his scoresheet reflected a conviction for “second-degree murder,” a level 10 offense that added twenty-nine points to the scoresheet. See §§ 921.022(3)0), 922.024(l)(a), Fla. Stat. (2009). He argued, however, that his *1110 counsel had asserted at the danger hearing that the conviction was for second-degree felony murder, a level 9 offense that would add only twenty-three points to the score-sheet. See §§ 921.022(3)0), 922.024(l)(a).[1] The circuit court summarily denied the motion, stating in its order that the “score-sheet reflects that the Defendant shows a prior conviction for second-degree murder.” The court concluded that “[b]ecause the sentence imposed could have been imposed irrespective of the calculation, the sentence is not illegal.”
Daniels correctly argues, and the State agrees, that the circuit court applied the wrong standard when it denied his motion. “When scoresheet error is presented [by motion under rule 3.800(b) ], any error is harmless if the record conclusively shows that the trial court would, have imposed the same sentence using a correct scoresheet.” Brooks v. State, 969 So.2d 238, 241 (Fla.2007). The record before us does not conclusively show that the circuit court would have imposed a sentence of forty-two months’ prison if the scoresheet had accurately reflected a prior conviction for second-degree felony murder. See Shorter v. State, 14 So.3d 1063 (Fla. 2d DCA 2009) (remanding for resen-tencing when the trial court had imposed the minimum sentence reflected on an erroneous scoresheet and the appellate court could not be certain whether the court would have imposed the same sentence on a scoresheet corrected to reflect a lower point value). To the contrary, the court’s remarks at the danger hearing, and the fact that the forty-two-month figure appears merely to be rounded up from the scoresheet minimum sentence of 41.85 months, evidence an intention to impose a sentence consistent with the scoresheet minimum. We therefore remand for the trial court to correct the scoresheet as necessary after reviewing Daniels’ 1996 judgment and to resentence him based on the corrected scoresheet.[2]
Revocation affirmed; sentence reversed and remanded.
DAVIS and WALLACE, JJ., Concur.

. The six-point difference between the level 9 and 10 values represents a 4.5-month difference in the lowest permissible sentence. See § 922.024(2).

. At the danger hearing, the State presented a certified copy of Daniels’ 1996 judgment, but the original record in this appeal did not include a copy of that conviction. Additionally, Daniels did not attach a copy of the 1996 judgment to his rule 3.800(b) motion, and the circuit court apparently did not review the face of the judgment when resolving the motion. The State has supplemented our record with a copy of the 1996 judgment, which does reflect a conviction for second-degree felony murder. Still, the instructions included in this opinion require the circuit court to review its records afresh and correct the score-sheet accordingly.