PER CURIAM.
Harley Pennington (defendant) appeals his sentence, imposed by the trial court on his conviction for leaving the scene of an accident with death. Determining that the trial court erred in increasing the defendant’s sentence after it had been earlier affirmed on direct appeal, we reverse.
This appeal is the second direct appeal filed by the defendant in connection with *648 his prosecution for driving under the influence (DUI) manslaughter.
The defendant’s initial charges included committing the offenses of DUI manslaughter with the failure to render aid and leaving the scene of an accident with death. The matter proceeded to trial before a jury. The jury returned a guilty verdict on the lesser-included offense of DUI manslaughter, and found the defendant guilty on the leaving the scene of an accident with death charge. The court entered judgment on the convictions, and then sentenced the defendant to a term of 146 months’ incarceration followed by 80 months’ probation on the DUI manslaughter conviction and to a consecutive term of fifteen years’ probation on the leaving the scene of an accident with death conviction.
The defendant appealed his convictions claiming, among other things, that the trial court erred in denying his motion for entry of a judgment of acquittal on the DUI manslaughter charge. Our court issued an opinion holding that, while there “was sufficient evidence that [the defendant] was intoxicated and drove his vehicle ... the proper conviction is for driving under the influence of alcohol.” Pennington v. State, 100 So.3d 198, 200 (Fla. 5th DCA 2012). As such, our court reversed the defendant’s DUI manslaughter conviction and remanded the case to the trial court to enter an amended judgment and sentence. The court further held that the defendant’s “conviction and sentence for leaving the scene of an accident with death is affirmed.” Id.
On remand, the trial court sentenced the defendant to a term of nine months’ imprisonment on the DUI conviction. With respect to the leaving the scene of the accident with death conviction, the trial court re-sentenced the defendant to a term of 12 years’ imprisonment, concurrent with the DUI sentence, followed by a period of 15 years of supervised probation.
The defendant argues that the trial court erred by increasing the sentence on his leaving the scene of an accident with death conviction from fifteen years’ probation to twelve years’ imprisonment followed by fifteen years’ probation because, among other reasons, his conviction and sentence on that charge were affirmed by this court on direct appeal. We agree.
In Fasenmyer v. State, 457 So.2d 1361 (Fla.1984), our Supreme Court held that trial courts are not authorized, on remand after direct appeal, to modify sentences on convictions not disturbed by the appellate court.
We conclude that the concept of aggregate sentencing on interdependent offenses as it relates to a trial judge’s desire to effect the original sentencing plan does not justify modification, on remand after appeal, of sentences on convictions not challenged on appeal or disturbed by the appellate court.
Id. at 1365-1366. See also Carlin v. State, 648 So.2d 261 (Fla. 5th DCA 1994); Ruffin v. State, 589 So.2d 403 (Fla. 5th DCA 1991); McKinley v. State, 519 So.2d 1154 (Fla. 5th DCA 1988); Kelly v. State, 508 So.2d 788 (Fla. 5th DCA 1987).
Accordingly, the defendant’s sentence on his conviction for leaving the scene of an accident with death is reversed, and this matter is remanded with instructions to re-instate the defendant’s original sentence. In all other respects, we affirm.
AFFIRMED in part; REVERSED in part; REMANDED.
TORPY, C.J., PALMER and ORFINGER, JJ., concur.