PER CURIAM.
Joseph F. Hatten (defendant) appeals the final order entered by the trial court summarily denying his post-conviction motion. Determining that the trial court erred in concluding that the motion was untimely filed, we reverse and remand for consideration as a timely-filed rule 3.850 motion.
Florida Rule of Criminal Procedure 3.850(b) requires a motion under that rule to be filed within two years from the date the defendant’s judgment and sentence become final.
On November 7, 2011, the defendant entered a no contest plea to sex charges in two circuit court cases. Since he did not file a direct appeal in either case, the defendant’s judgments became final 30 days later, on December 7, 2011. See Walk v. State, 707 So.2d 933 (Fla. 5th DCA 1998). Pursuant to the mailbox rule, the defendant filed his second rule 3.850 motion on December 6, 2013, as evidenced by the certificate of service which indicates that it was placed in the hands of prison officials for mailing by the defendant on that date.[1] See Thompson v. State, 761 So.2d 324 (Fla.2000) (holding that a certificate of service provides presumptive proof of filing date under the mailbox rule). As the defendant had until December 7, 2013, to file his motion, the trial court erred in concluding that his December 6th motion was untimely.
In his motion, the defendant asserted that he entered into a negotiated plea to receive the lowest permissible sentence under the Criminal Punishment Code (CPC) scoresheet. The CPC scoresheet stated that the defendant’s lowest permissible sentence was 10.5 years’ imprisonment, which corresponds to the total sentence he received. The defendant contended that his sentence was illegal because his scoresheet contained an error that improperly added 80 victim injury points for penetration.
The trial court considered the motion on its merits by treating it as a rule 3.800(a) motion to correct sentence. In determining whether the defendant’s sentence was illegal, the trial court acknowledged that, in charging the defendant with lewd/lascivious battery, the information alleged that the defendant caused “his penis to penetrate or unite with the vagina of’ the victim. The court concluded that, accordingly, the penetration points could be scored. This conclusion was incorrect.
*1105 In the instant case, the defendant entered a plea to a sexual offense with the alternative elements of penetration or union; the charged offense did not specifically allege penetration alone. Under these circumstances, the penetration points cannot be scored. See Mann v. State, 974 So.2d 552 (Fla. 5th DCA 2008) (holding that a defendant who pled guilty to three counts of lewd/lascivious battery and one count of lewd/lascivious molestation was incorrectly sentenced pursuant to score-sheet that scored victim injury points for penetration as to all four counts; the information did not specifically allege penetration in three of the counts, but instead alleged either union or the alternative elements of penetration or union).[2] Accordingly, we reverse the trial court’s order and remand for the court to consider the defendant’s second rule 3.850 post-conviction motion on its merits.
REVERSED AND REMANDED.
PALMER, LAWSON and LAMBERT, JJ., concur.

. The defendant's second rule 3.850 motion may have been successive, but the trial court did not deny it as such.

. A defendant in entering a plea to a sexual offense with alternative elements could stipulate that penetration occurred, but the trial court in the instant case did not indicate that there was a stipulation of this nature.