NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

CORRIE JACKSON,                          )
                                         )
               Appellant,                )
                                         )
v.                                       )        Case No. 2D13-5940
                                         )
STATE OF FLORIDA,                        )
                                         )
               Appellee.                 )
_____ )

Opinion filed September 12, 2014.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hillsborough County; Michelle Sisco,
Judge.

Corrie Jackson, pro se.

KHOUZAM, Judge.

Corrie Jackson appeals the denial of his motion for postconviction relief

filed under Florida Rule of Criminal Procedure 3.850. We affirm the denial of all but one

of his claims without comment and remand for the postconviction court to consider Mr.

Jackson's claim of a sentencing scoresheet error in ground four of his motion.

On May 18, 2010, Mr. Jackson pleaded guilty as charged to one count of

lewd and lascivious battery, and the trial court sentenced him to two years' community

control, followed by ten years' sex offender probation. On January 3, 2011, Mr. Jackson

admitted to violating community control, and the trial court sentenced him to seven years' prison.  In his motion for postconviction relief, Mr. Jackson alleged that his scoresheet erroneously added eighty victim injury points for penetration because the information failed to charge penetration and the factual basis for the plea provided by the State did not include penetration.  He further alleged that there was an extremely high probability that the same seven-year sentence would not have been imposed with a correct scoresheet.

The postconviction court erred in finding this claim was untimely under rule 3.850.  This claim challenges the sentence imposed upon Mr. Jackson's violation of community control on January 3, 2011.  His motion, which was filed on October 26, 2012, and amended to add this claim on November 16, 2012, and December 6, 2012, was timely filed as to this claim.

Mr. Jackson pleaded a claim of scoresheet error that can be determined from the face of the record, and this is a cognizable claim under rule 3.850.  See Mann v. State, 974 So. 2d 552, 553 (Fla. 5th DCA 2008) (holding a defendant who pleaded guilty as charged to three counts of lewd and lascivious battery and one count of lewd and lascivious molestation was entitled to relief under rule 3.850 because the defendant's scoresheet assessed victim injury points for penetration as to all four counts, but three counts of the information did not specifically allege penetration).  On remand, the postconviction court shall consider whether the claim is conclusively refuted by the record and, if not, whether the record conclusively shows that the same sentence would have been imposed with a correct scoresheet.  See State v. Anderson, 905 So. 2d 111, 118 (Fla. 2005) ("Because it is essential for the trial court to have the

benefit of a properly calculated scoresheet when deciding upon a sentence, we agree that the would-have-been-imposed standard should apply to motions filed under rule 3.850 to correct scoresheet error.").

Affirmed in part, reversed in part, and remanded.

VILLANTI and LaROSE, JJ., Concur.