PER CURIAM.
Appellant, Chad Edward Lakey, seeks review of three trial court orders denying his motions requesting: 1) to be resen-tenced upon remand from this court; 2) to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2); and 3) to disqualify the trial judge. We affirm the denial of the motion to disqualify. However, because Lakey is entitled to be sentenced under a corrected scoresheet, we reverse and remand for further proceedings.
Lakey was originally sentenced to 150 months in the Department of Corrections on three counts relating to sexual battery upon a child. The sentencing scoresheet called for a lowest permissible sentence of 149.25 months’ imprisonment. Upon direct appeal, this court affirmed Counts I and III but reversed on Count II due to an error in a jury instruction. The State subsequently entered a nolle prosequi on Count II. Because there were no pending charges at that time, the trial court did not err in denying Lakey’s motion for resen-tencing. See Pennington v. State, 120 So.3d 647, 648 (Fla. 5th DCA 2013) (“[T]rial courts are not authorized, on remand after direct appeal, to modify sentences on convictions not disturbed by the appellate court.” (citing Fasenmyer v. State, 457 So.2d 1361, 1365-66 (Fla.1984))).
Lakey then filed a motion to correct a sentencing error under rule 3.800(b)(2). He argued that the reeord did not establish that he would have received the same sentence without the victim injury points from Count II. “When a sentencing error is challenged by ... a 3.800(b) claim ... a scoresheet error is ‘harmless if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet.’ ” Richards v. State, 76 So.3d 29, 30 (Fla. 5th DCA 2011) (quoting Brooks v. State, 969 So.2d 238, 241 (Fla.2007)). The closeness of the 150 months’ imprisonment to the original guideline sentence of 149.25 months indicates an intention to sentence consistently with the scoresheet. See Daniels v. State, 114 So.3d 1108, 1110 (Fla. 2d DCA 2013) (“[T]he fact that the forty-two-month figure appears merely to be rounded up from the scoresheet minimum sentence of 41.85 months, evidence[s] an intention to impose a sentence consistent with the scoresheet minimum.”). The record does not conclusively show that Lakey would have received the same sentence with an amended scoresheet.
Furthermore, when the State filed an amended scoresheet without the victim injury points from Count II, it added eighty points for sex penetration on Count I. Because the jury did not make a specific finding of penetration rather than union, it was improper to include points for penetration. See Mann v. State, 974 So.2d 552, 553-54 (Fla. 5th DCA 2008) (“[W]hen the information charges penetration or union, the assessment of victim penetration points is error absent a specific finding that penetration occurred.” (citing Chat- *990 man v. State, 943 So.2d 327, 328-29 (Fla. 4th DCA 2006))). Upon remand, the State is directed to file a corrected scoresheet.
Accordingly, we reverse and remand to the trial court for resentencing on Counts I and III with a corrected scoresheet.
AFFIRMED in part; REVERSED in part; REMANDED for resentencing.
SAWAYA, TORPY and LAMBERT, JJ., concur.