DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**BYRON DAMES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4132

[February 24, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; William L. Roby, Judge; L.T. Case No. 2010CF000446B.

Carey Haughwout, Public Defender, and Zainabu Rumala, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Allen R. Geesey, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Appellant Byron Dames pled no contest to a charge of child abuse and was given a sentence of one year in the county jail, followed by four years of community control/probation with sex-offender conditions. In return for the plea, the State dropped a charge of lewd or lascivious battery. Upon his release from custody, Appellant engaged in behavior that led to three charges of Violation of Probation (VOP). Following the third report of VOP, Appellant came before the trial court, admitted to the violation and entered an open plea. He was sentenced to nearly eighty months in prison. It is the trial court's sentence that is the focus of the instant appeal. Upon review, we reject Appellant's challenge and affirm the sentence.

**Background**

In May 2010, Appellant was charged by information with lewd or lascivious battery for an incident that allegedly involved Appellant sexually penetrating the fifteen-year-old victim. That following December, the information was amended, adding a second count, child abuse. The child abuse charge made no mention of the sexual nature of the act or of any

sexual penetration. As part of a plea agreement with the State, Appellant acknowledged he was charged with lewd or lascivious battery and agreed to plead no contest to the child abuse charge. The parties agreed that the trial court would have the discretion to withhold adjudication and the State recommended a sentence of one year in county jail followed by four years of supervision, along with other conditions. The agreement also noted that the maximum penalty for the charge Appellant pled to was five years' incarceration and a $5000 fine, but the agreement also stated "BUT NOTE: I understand that under the Criminal Punishment Code, the statutory maximum penalty may not apply. The maximum possible penalty would depend on how my prior record and present offenses are scored, and may be higher than the statutory maximum."

Appellant's initial sentencing score sheet showed a minimum sentence of 66.9 months. This score included eighty points in the "victim injury" category for sexual penetration. At the hearing on Appellant's plea, Appellant stated he understood that he was pleading no contest to a third-degree felony punishable by up to five years in prison. Appellant never expressly stipulated to any facts, but the trial court stated that it was "well aware of the facts of the case" because it had conducted a number of prior hearings on the case. The trial court then asked "Is there any objection or correction to the criminal punishment code score sheet, which has 66.9 total sentence points or no, excuse me, lowest permissible prison sentence?", to which Defense Counsel replied "No, Your Honor." The Defense also waived presentence investigation. When Appellant testified at sentencing, he agreed with the prosecutor that that "the bottom of the guideline calls for you to go, to go to prison for over 5 years" and admitted that the plea deal was conferring a benefit upon him. The trial court also stated "the Legislature determined that based upon the charge of child abuse when there's sexual penetration it's 66 plus months in the Department of Corrections." Appellant agreed that his probation would include sex offender conditions. Appellant never questioned or objected to any mention of penetration.

Appellant was adjudicated guilty and was sentenced to a year in county jail and placed on community control for the first two years of his five-year probationary period. Within months of Appellant's release from custody, he twice violated probation. The second violation involved Appellant hosting an underage drinking party. In June 2013, Appellant violated his probation for a third time. He admitted the violation and entered an open plea to the court. He was sentenced to 75.9 months in prison, the lowest permissible prison sentence based on his scoresheet, which included eighty points for penetration. On appeal, Appellant challenges his sentence, in particular the inclusion of the eighty points for penetration.

2

## Analysis

The legality of a sentence is a question of law to be reviewed de novo. *Bradley v. State*, 155 So. 3d 1248, 1249 (Fla. 4th DCA 2015).

Appellant argues that his sentence was illegally increased by including eighty "penetration points" on his scoresheet. He contends that *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Alleyne v. United States*, 133 S. Ct. 2151 (2013), demonstrate that any fact increasing mandatory sentences must be charged, submitted to a jury, and proven beyond a reasonable doubt. Appellant also argues the assessment of penetration points was erroneous because penetration is not an element of the charge to which Appellant pled and was not alleged in the information for that charge.

The State responds that neither *Apprendi* nor *Alleyne* involved a violation of probation and are thus distinguishable. It further argues that Appellant waived his *Apprendi* jury trial rights by agreeing to judicial fact finding in the event of a VOP hearing. We have no need to reach a conclusion on those arguments, however, because we rely instead on the State's most compelling point: that at the initial sentencing hearing, Appellant, through counsel, stated he had no objection or correction to the criminal punishment code scoresheet that scored eighty points for penetration and reflected a minimum sentence of 66.9 months.

The trial court referred to Appellant's crime as "the charge of child abuse when there's sexual penetration." At the plea colloquy that followed, Appellant acknowledged that he understood that the bottom of the sentencing guidelines called for him to go to prison for *over* five years. At the time of accepting the State's generous plea bargain, Appellant was not left with the false impression that the maximum sentence he could receive was five years' imprisonment. In fact, the record demonstrates that Appellant affirmatively agreed to the inclusion of penetration points on the scoresheet and that this enhancement was part of the bargain that allowed him to plea down to the child abuse charge, albeit with sex offender probation conditions which Appellant proceeded to violate.

## Conclusion

Under the circumstances set forth above, we find no violation of due process with respect to the trial court's sentence following Appellant's third violation of probation. Accordingly, we affirm.

*Affirmed.*

WARNER, STEVENSON and FORST, JJ., concur.

\*          \*          \*

***Not final until disposition of timely filed motion for rehearing.***