LEVINE, J.
The issue presented in this appeal is whether the trial court erred in assessing points for “penetration” in calculating appellant’s sentencing guideline scoresheet, after revoking probation! In this case appellant pled to charges that alleged, in the alternative, elements of union or penetration, and the nature of the charges did not require proof of penetration. We find the inclusion of points for penetration' in this ease was improper, and we reverse and remand to the trial court for further proceedings. Those further proceedings may also include a determination as to whether laches applies.
The state charged appellant with four counts of sexual battery on a child, one Count of lewd or lascivious act in the presence of a child, and three counts of indecent assault. The sexual battery counts each alleged that appellant “caus[ed] his penis to penetrate or unite with the anus of [C.B.] contrary to F.S. 794.011(2).” The probable cause affidavit alleged that the victim told police that appellant attempted to insert his penis inside the victim’s buttocks but was' unsuccessful.
Appellant pled no contest-to four counts of sexual battery of a child by a person in position of familial or custodial authority, contrary to section 794.011(8)(b); one count of lewd act in the presence of a child; and three counts of incident assault on a child under sixteen. Section *802 794.011(8)(b), Florida Statutes (1994), provided that
a person who is in a position of familial or custodial authority to a person less than 18 years of age and who ... [engages in any act with that person while the person is 12 years of age or older but less than 18 years of age which constitutes sexual battery under paragraph (l)(h) commits a felony of the first degree....
“Sexual battery” was defined as “oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object § 794.011(l)(h), Fla. Stat. (1994). In calculating the sentencing guidelines scoresheet, sections 921.0011(7) and 921.0014(1), Florida Statutes (1994), required the court to assess 40 points for each offense of sex penetration, and 18 points for each offense of sex contact.
The trial court sentenced appellant to seventeen years in prison followed by ten years of probation for the four counts of sexual battery and fifteen years in prison on the remaining counts, with all sentences to run concurrently. Appellant was released from prison in December 2005 and commenced his probationary period for the four sexual battery convictions. In January 2013, the state filed an affidavit of violation of probation, alleging that appellant violated a condition of his probation by having contact with a child under the age of sixteen. After a hearing, the trial court revoked appellant’s probation.
A 1994 sentencing guidelines scoresheet prepared for .purposes of resentencing assessed 160 total victim injury points for penetration, representing 40 points for each of the four sexual battery offenses. The scoresheet reflected a minimum sentence of 212.85 months, and a maximum of 354.75 months. The trial court sentenced appellant to .the maximum.
During the pendency of this appeal, appellant filed two motions to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). In the motions, appellant argued that the trial court erred in assessing 160 penetration points against him. Appellant argued that he pled based on an information that charged him with committing the sexual batteries by penetration or union. Appellant further argued that assessment of the penetration points violated Alleyne v. United States, — U.S. —, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The trial court denied the motions.
A claim of scoresheet error may be raised in a rule 3.800(b)(2) motion during appeal from a revocation of probation. Tasker v. State, 48 So.3d 798, 805 (Fla.2010). Whether the trial court properly assessed victim injury points on appellant’s scoresheet is a question of law reviewed de novo. See Somps v. State, 183 So.3d 1090, 1092 (Fla. 4th DCA 2015). A scoresheet error is harmless only if the record conclusively shows that the trial court would have imposed the same sentence using a correct scoresheet. Brooks v. State, 969 So.2d 238, 241 (Fla.2007).
In Alleyne, the Supreme Court held that “any fact that increases the mandatory minimum is an ‘element’ that must be submitted to the jury.” 133 S.Ct. at 2155. In the instant case, no mandatory minimum sentence applied. Therefore, Alleyne is inapplicable.
In Apprendi, the Supreme Court held that “[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statuto *803 ry maximum must be submitted to a jury, and proved beyond a reasonable doubt.” 530 U.S. at 490, 120 S.Ct. 2348. In Blakely, the Court clarified “that the ‘statutory maximum’ for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.” 542 U.S. at 303, 124 S.Ct. 2531.
This court has found.that the assessment of points for penetration, in the absence of a jury finding, is reversible error. Chatman v. State, 943 So.2d 327 (Fla. 4th DCA 2006). In Chatman, the information charged the defendant with sexual activity with a minor involving union or penetration. The jury found appellant guilty as charged in the information and did not make a specific finding of penetration. The trial court assessed 160 points for victim penetration. This court found the sentencing enhancement in violation - of Blakely, and reversed and remanded for resentencing without the assessment of the victim penetration points.
The Fifth District extended Chatman’s holding to the context of sentencing following a plea. Mann v. State, 974 So.2d 552 (Fla. 5th DCA 2008). In Mann, the defendant pled guilty to three counts of lewd or lascivious battery and one count of lewd or lascivious molestation. The defendant filed a motion to correct sentence, alleging a scoresheet error in assessing victim injury points against him for penetration to which he did not plead. The Fifth District agreed that it was error to assess victim injury points for the charges that alleged union or, in the alternative, penetration or union. In reaching this decision, the court relied on Chatman and found that although Chatman arose in a jury trial, the same principle applied in a plea case. As such, the court reversed and remanded for resentencing based on, a corrected; score-sheet.
Relying on Mann, the court in Hatten v. State, 143 So.3d 1103 (Fla. 5th DCA 2014), held that penetration points could not be scored where a defendant entered a plea to a sexual offense with the alternative elements of penetration or union. The .court noted that .“[a] defendant in entering a plea to a sexual offense with alternative elements could stipulate that penetration occurred, but the trial court in the instant case did not indicate that there was a stipulation of this nature.” Id. at 1105 n. 2.
Similarly, in the instant case, appellant pled no contest to charges that alleged the alternative elements of union or penetration. Additionally, the nature of the charges did not require proof of penetration. See § 794.011(1)(h), Fla. Stat. (1994) (defining sexual battery as “oral, anal, or vaginal penetration by, or union with, the.sexual organ of another or the anal or vaginal penetration of another by any other object”). Further, it is worth noting that the probable cause affidavit alleged union but not penetration. Thus, because appellant pled to alternative elements, and because there was no indication that appellant stipulated penetration occurred, the trial court erred in assessing penetration points. ,
Moreover, the error is not harmless because it cannot be said that the trial court would have imposed the same sentence without the scoresheet error. Brooks, 969 So.2d at 241. The trial court imposed the maximum sentence under the guidelines scoresheet. Without the victim injury points for penetration, the maximum guidelines sentence would have been less.
The state urges this court to affirm on the basis of laches. For laches to apply, “there must be inordinate delay on the part of the moving party, and ... the state must be prejudiced by this delay.” Sim *804 mons v. State, 485 So.2d 475, 477 (Fla. 2d DCA 1986). However, the Simmons court cautioned that “the mere passage of time, standing alone, is not sufficient evidence of prejudice.” Id. Rather, “every case must be judged on its facts and if the trial court has sufficient evidence that [the defendant] has deliberately abused the system, it may deny relief accordingly.” Id. •
In the instant case, the state did not argue below that appellant’s motion was barred by laches, nor did the trial court make any findings as to the applicability of laches. Because laches requires a factual determination by the trial court, we decline to opine on whether laches applies and instead defer this issue to the trial court on remand.
For the foregoing reasons, we reverse and remand to the trial court for further proceedings consistent with this opinion. If the trial court determines laches does not apply and resentencing is warranted, the corrected scoresheet shall include assessment of sex contact points because, by pleading to sexual battery involving “penetration or union,” appellant necessarily admitted that he was guilty at least of sex contact. See Behl v. State, 898 So.2d 217, 222-23 (Fla. 2d DCA 2005).

Reversed and remanded for further proceedings.

GERBER and FORST, JJ., concur.