DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GERALDO A. ALEXIS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-788

[November 7, 2018]

Appeal of order denying rule 3.850 motion from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case Nos. 312014CF000175A and 312014CF000636A.

Geraldo A. Alexis, Malone, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

Geraldo Alexis appeals the summary denial of his Florida Rule of Criminal Procedure Rule 3.850 motion for post-conviction relief. We reverse as to Alexis' claim that his scoresheet improperly included victim injury points for sexual penetration and remand for resentencing with a corrected scoresheet.

Alexis entered an open plea to lewd or lascivious battery, burglary of a dwelling, and grand theft. He scored 192.6 sentencing points, including eighty victim injury points for sexual penetration, which resulted in a lowest permissible sentence of about ten years. He was sentenced to twelve years in prison followed by three years of probation. In his timely rule 3.850 motion, he argued that his scoresheet improperly included victim injury points for sexual penetration. The trial court summarily denied the motion and this appeal followed.

When a defendant pleads to an offense that does not require proof of sexual penetration as charged, victim injury points for penetration cannot be assessed unless the defendant stipulates that penetration occurred or

agrees to inclusion of the points as part of a plea bargain. *See Blair v. State*, 201 So. 3d 800, 803 (Fla. 4th DCA 2016); *Dames v. State*, 186 So. 3d 593, 595 (Fla. 4th DCA 2016); *see also Mann v. State*, 974 So. 2d 552 (Fla. 5th DCA 2008).

Here, Alexis entered an open plea to the offense of lewd or lascivious battery, which does not require proof of penetration. § 800.04(4), Fla. Stat. (2013) (defining the offense as "engaging in sexual activity with a person 12 years of age or older but less than 16 years of age" or "encouraging, forcing, or enticing any person less than 16 years of age to engage in sadomasochistic abuse, sexual bestiality, prostitution, or any other act involving sexual activity"). Neither the information nor the factual basis for the plea alleged penetration. Alexis did not stipulate that penetration occurred or otherwise agree to the assessment of victim injury points for penetration. As a result, the points could not be included on his scoresheet.

When a scoresheet error is raised in a timely rule 3.850 motion, resentencing is required unless the record shows conclusively that the trial court would have imposed the same sentence using a corrected scoresheet. *Sanders v. State*, 35 So. 3d 864, 870-71 (Fla. 2010) (citing *Brooks v. State*, 969 So. 2d 238, 241-42 (Fla. 2007); *State v. Anderson*, 905 So. 2d 111, 118 (Fla. 2005)). The test requires "conclusive proof that the scoresheet error did not affect or contribute to the sentencing decision." *Anderson*, 905 So. 2d at 115-16. Here, we cannot conclude from the record that the court would have imposed the same sentence with a scoresheet that did not include the eighty victim injury points for sexual penetration.

Accordingly, we reverse the denial of Alexis' claim of scoresheet error and remand for resentencing with a corrected scoresheet. We affirm the denial of Alexis' other claims without comment.

*Affirmed in part; reversed in part; remanded for resentencing.*

GROSS, DAMOORGIAN and CONNER, JJ., concur.

\*　　　\*　　　\*

***Not final until disposition of timely filed motion for rehearing.***

2