[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-14113

Non-Argument Calendar

_____

DANIEL GUADALUPE,

                                                    Petitioner-Appellant,

*versus*

FLORIDA DEPARTMENT OF CORRECTIONS,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-81265-WPD

_____

Before ROSENBAUM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Daniel Guadalupe, a Florida prisoner serving a 30-year sentence for sexual activity with a minor, appeals the District Court's denial of his *pro se* petition for relief under 28 U.S.C. § 2254. The District Court found that he failed to show he was prejudiced by the allegedly ineffective assistance of counsel he received from his trial counsel. He claims counsel performed deficiently by failing to object to the assessment of penetration points on his sentencing scoresheet when the jury verdict did not specify whether the charged sexual activity was by penetration or contact. Guadalupe asserts that this failure resulted in an increase in the low end of his guideline range from 19 to 24 years and, ultimately, a longer sentence. Finding no prejudice, we affirm.

I.

On January 15, 2015, the State of Florida filed an Information in the Circuit Court for Palm Beach County, charging Daniel Guadalupe ("Petitioner") with three counts of sexual activity with a child, one count of lewd or lascivious molestation, and one count of false imprisonment. All charges were related to activity between Petitioner and G.G., his niece and goddaughter, that occurred while G.G. was between the ages of 12 and 17. Specifically, the three counts of sexual activity with a child alleged that Petitioner caused his penis, an object, and his finger to "penetrate and/or

have union with the vagina of G.G." Am. Information, Doc. 9-1 at 6-7. A jury found Petitioner guilty of all three counts of sexual activity with a child "as charged in the Information," as well as lewd or lascivious molestation. Verdict, Doc. 9-1 at 11-12.

The State completed a sentencing scoresheet for all convicted offenses and presented it to defense counsel to review for accuracy. Petitioner was assessed 92 points for the primary offense of sexual activity with a child, 120 points for the two other counts of sexual activity with a child and the count of lewd or lascivious molestation, 160 penetration points, and 40 contact points.[1] Altogether, Petitioner received 412 points, which equated to a minimum guidelines sentence of 288 months, or 24 years. The State recommended the statutory maximum of 105 years.[2] Petitioner requested that the judge depart downward from the guidelines and impose a sentence of 5-10 years plus probation or, in the alternative, the minimum guidelines sentence of 24 years.

The Circuit Court sentenced Petitioner to 30 years: the statutory maximum of 30 years for each count of sexual activity with

---

[1] Petitioner received 80 penetration points for two of the counts of sexual activity with a child, as well as 40 contact points for the third count. The scoresheet itself does not explain the reasoning but the first two counts alleged to "penetration and/or union," whereas the third referred only to "union." Am. Information, Doc. 9-1 at 6-7.

[2] Specifically, the State requested the statutory maximum of 30 years for each count of sexual activity with a child, plus 15 years for the count of lewd and lascivious molestation, all to run consecutively.

a child, as well as the statutory maximum of 15 years for lewd or lascivious molestation, with the sentences to run concurrently. At the sentencing hearing, Judge Bryson mentioned that Petitioner "terrorized" G.G., stalked her, and "ruined [her] life, as well as [his] family's life." Sent'g Tr., Doc. 10-3 at 27-28.

Petitioner appealed his convictions to Florida's Fourth District Court of Appeal,[3] which affirmed the conviction and sentence without opinion. *Guadalupe v. State*, 228 So. 3d 569 (Fla. Dist. Ct. App. 2017). Petitioner filed a *pro se* motion for rehearing, which was also denied.

Petitioner then filed a *pro se* motion for post-conviction relief in the Circuit Court pursuant to Florida Rule of Criminal Procedure 3.850, raising seven grounds for relief. Relevant to this appeal, Petitioner claimed his trial counsel was ineffective under the Sixth Amendment, as applied in *Strickland v. Washington*, 446 U.S. 668, 104 S. Ct. 2052 (1984),[4] for failing to object to and correct the sentencing scoresheet. He claimed the penetration points were erroneously assessed because penetration was neither specifically alleged in the Information nor expressly found by the jury: the Information used the disjunctive "penetration or union," and the jury found Petitioner guilty as alleged in the Information. According to

---

[3] None of the grounds of Petitioner's appeal are relevant here.

[4] The Sixth Amendment right to counsel is applicable to the states through the Fourteenth Amendment. *United States v. Grimes*, 142 F.3d 1342, 1348 (11th Cir. 1998).

21-14113                  Opinion of the Court                    5

Petitioner, he was prejudiced by this error because without the 160 penetration points the lowest permissible sentence would have been 19 years instead of 24.  In its order denying Petitioner's motion on the merits, the Circuit Court found that Petitioner's ineffective assistance of counsel claim failed to satisfy both the performance and prejudice prongs of *Strickland*.[5]

Petitioner appealed the denial of his motion to the Fourth District Court of Appeal, which affirmed the Circuit Court's decision without opinion.  *Guadalupe v. State*, 314 So.3d 1278 (Fla. Dist. Ct. App. 2021).  The Fourth District also denied Petitioner's motion for rehearing and a written opinion.

Following denial of his state petition, on July 21, 2021, Petitioner initiated the proceedings before us by filing a *pro se* motion for relief under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Florida, raising the same grounds as his state petition.  Petitioner alleged the Circuit Court's denial of his ineffective assistance of counsel claim was an unreasonable application of *Strickland* under 28 U.S.C. § 2254(d)(1).

The District Court denied Petitioner's ineffective assistance of counsel claim based on the record presented to the Circuit Court.  It held that the Circuit Court's determination that Petitioner's counsel was not constitutionally ineffective was not an unreasonable application of *Strickland* because Petitioner could not

---

[5] The Circuit Court denied Petitioner's motion on all grounds.

6                     Opinion of the Court                  21-14113

show prejudice.[6]  The court noted: "There is no showing that a lower calculated scoresheet would have resulted in the Court's imposing less than the statutory maximum."  Final J. and Order Den. Habeas Pet., Doc. 15 at 8.

The District Court granted a certificate of appealability on one issue: whether trial counsel rendered ineffective assistance of counsel at sentencing by not objecting to the scoring of penetration points, as opposed to contact points, on two counts on the guidelines scoresheet.  Petitioner timely appealed.

## II.

We review the District Court's resolution of the above issue *de novo*.  *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). When a state court denies an ineffective assistance of counsel claim on the merits, federal courts can only afford relief if the state court's decision (1) was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d); *White v. Woodall*, 572 U.S. 415, 419, 134 S. Ct. 1697, 1702 (2014).  Because the Fourth District Court of Appeal's affirmance was not accompanied by an opinion, this Court must "look through" that decision to the Circuit Court's denial of Petitioner's Rule 3.850 motion, which was accompanied by

---

[6] The District Court also rejected all of Petitioner's other grounds for relief.

21-14113                Opinion of the Court                7

an opinion, and assume the District Court of Appeals adopted that same reasoning. *See Wilson v. Sellers*, – U.S. –, 138 S. Ct. 1188, 1192 (2018).

To show ineffective assistance of counsel in violation of the Sixth Amendment, Petitioner must prove: (1) counsel's performance was constitutionally deficient; and (2) the deficient performance prejudiced him.[7] *Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064. To prove prejudice, Petitioner must show a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different, i.e., he would have received a different sentence. *Id.* at 694, 104 S. Ct. at 2068.

With respect to prejudice, this is not a case where the scoresheet error affected Petitioner's sentence. This is not a case where the penetration points increased the statutory maximum sentence and Petitioner received that increased maximum. *See Chatman v. State*, 943 So. 2d 327, 328 (Fla. Dist. Ct. App. 2006). Nor is this a case where the sentence imposed was at or near the minimum guidelines sentence, making it likely Petitioner would have received a lesser sentence had the scoresheet reflected the correct minimum. *See Lakey v. State*, 172 So. 3d 989, 989 (Fla. Dist. Ct. App. 2015).

---

[7] We do not address the deficiency prong of *Strickland* because "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing in one." *Strickland*, 466 U.S. at 697, 104 S. Ct. at 2071.

In this case, the judge sentenced Petitioner to the maximum sentence for each count, and that maximum sentence was not affected by the penetration points. Further, the judge's comments at the sentencing hearing do not indicate an inclination to do anything other than impose the statutory maximum sentence—in fact the judge appears to base his decision solely on trial testimony and the statutory maximum and does not appear to consider the minimum sentence at all. *See* Sent'g Tr., Doc. 10-3 at 26-30. The judge implicitly denied Petitioner's express request for a downward departure or, in the alternative, imposition of the minimum sentence, when she imposed the statutory maximum.

Far from showing the state court's decision to be an unreasonable application of existing federal law, the record does not even meet *Strickland*'s lower threshold. The record does not show a reasonable probability that, but for counsel's errors, the outcome of the sentencing hearing would have been different. Nothing in the record indicates even a small probability that—absent the penetration points—the court would have imposed a lower sentence. Even if trial counsel had objected to the penetration points, and even if Petitioner's sentencing scoresheet had been recalculated, all signs point to the judge imposing the maximum sentence. We simply cannot say that the court's conclusion regarding prejudice was an unreasonable application of or contrary to *Strickland*. Accordingly, the District Court's decision is

**AFFIRMED.**