DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

EVAN M. STUMP,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2025-1055

_____

September 17, 2025

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Manatee County; Teresa K. Dees, Judge.

Evan M. Stump, pro se.

James Uthmeier, Attorney General, Tallahassee, for Appellee.

LaROSE, Judge.

Evan M. Stump appeals an order denying his motion to correct an illegal sentence. *See* Fla. R. Crim. P. 3.800(a). We have jurisdiction. *See* Fla. R. App. P. 9.030(b)(1)(A). Mr. Stump argues that his scoresheet for the offenses of lewd or lascivious battery improperly included victim injury points for penetration.[1] We affirm.

_____

[1] Mr. Stump's other ground for relief is meritless and warrants no further discussion.

## Background

The State charged Mr. Stump with three counts of lewd or lascivious battery (victim 12 or older less than 16), second-degree felonies. *See* § 800.04(4)(a)1, Fla. Stat. (2018). In relevant part, Counts I and II of the information alleged that Mr. Stump's "sexual organ did penetrate and/or have union with the" victim's vagina and mouth, respectively.[2]

Mr. Stump entered an open no contest plea. His Criminal Punishment Code scoresheet totaled 388.5 points, including 240 victim injury points–80 points per count. Mr. Stump's lowest permissible sentence was 270.375 months in prison, which the trial court imposed.

In his rule 3.800(a) motion, Mr. Stump claimed that "[n]either the information nor the factual basis for the plea alleged penetration," nor did he "stipulate that penetration occurred." Consequently, he asserted, "160 points could not be included on [his] scoresheet" for Counts I and II.

The postconviction court denied his rule 3.800(a) motion.

## Discussion

Mr. Stump contends that the trial court erred in assessing victim injury points, thereby improperly inflating his lowest permissible sentence. *See* § 921.0024(2), Fla. Stat. (2018) ("The lowest permissible sentence is the minimum sentence that may be imposed by the trial court, absent a valid reason for departure."). Mr. Stump's claim is cognizable in a rule 3.800(a) motion. *See* Fla. R. Crim. P. 3.800(a) ("A court may at any time correct . . . an incorrect calculation made by it in a sentencing scoresheet . . . ."). Our review is de novo. *Zeno v. State*, 330 So. 3d 1048, 1050 (Fla. 2d DCA 2021).

---

[2] Mr. Stump's rule 3.800(a) motion challenged only the assessment of injury points on Counts I and II.

Under rule 3.800(a), an illegal sentence is "a kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances." *Blakely v. State*, 746 So. 2d 1182, 1187 (Fla. 4th DCA 1999). In other words, a sentence is illegal only "if the terms or conditions of the punishment for a particular offense are impermissible as a matter of law." *Young v. State*, 716 So. 2d 280, 282 (Fla. 2d DCA 1998). Further, "where the [lowest permissible sentence] exceeds the offense's statutory maximum sentence . . . the [lowest permissible sentence] must be imposed." *Champagne v. State*, 269 So. 3d 629, 637 (Fla. 2d DCA 2019), *approved by State v. Gabriel*, 314 So. 3d 1243, 1252 (Fla. 2021). "Florida courts consider the legality of a defendant's sentence on a count-by-count basis." *Zeno*, 330 So. 3d at 1050; *cf. id.* at 1051 ("[B]oth the lowest permissible sentence and the offense's statutory maximum are key to determining the appropriate sentence for each count and whether this scoresheet error was harmful.").

Mr. Stump's sentence is lawful. His scoresheet reflected a lowest permissible sentence of 270.375 months in prison, inclusive of the disputed 160 victim injury points. That sentence equates to approximately 22.5 years for each count, which exceeds the statutory maximum of 15 years for a second-degree felony and must be imposed. *See* § 921.0024(2); *see also* § 775.082(3)(d), Fla. Stat. (2018).

Mr. Stump argues that if 80 victim injury points are excluded from Counts I and II, the sentence points would total 228.5, resulting in a lowest permissible sentence of 150.375 months, roughly 12.5 years in prison. Thus, the permissible sentencing range was from the lowest permissible sentence up to and including the statutory maximum. *See Gabriel*, 314 So. 3d at 1246.

3

The postconviction court assessed the basis for the inclusion of penetration points. We recognize that "[w]hen a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant stipulates to the relevant facts or consents to judicial factfinding." *Blakely v. Washington*, 542 U.S. 296, 310 (2004). Obviously, then, a trial court may include victim injury points on the scoresheet "[w]here an offender admits the fact of causation of victim injury in entering a plea or at least agrees to the inclusion of victim injury points." *Chang v. State*, 50 Fla. L. Weekly D1073, 1076 (Fla. 2d DCA May 14, 2025) (citing *Bean v. State*, 264 So. 3d 947, 951 (Fla. 4th DCA 2019)); *Blakely*, 542 U.S. at 310.

The postconviction court noted that during the plea colloquy, Mr. Stump "stipulated to the factual basis . . . set forth in the probable cause affidavit." The affidavit detailed the facts underlying each offense charged. Specifically, the affidavit set forth the circumstances of the charges, including the multiple instances where Mr. Stump penetrated the victim. Prior to accepting his plea, the trial court announced, "[B]ased on the stipulation, and the Court['s] review[ of] the probable cause affidavit, . . . there's a factual basis for the plea." *See* Fla. R. Crim. P. 3.170(k) ("No plea of . . . nolo contendere shall be accepted by a court without the court first determining, in open court . . . that there is a factual basis for the plea . . . ."). The postconviction court also noted that neither Mr. Stump nor his counsel objected to the inclusion of victim injury points at sentencing. *See Vinson v. State*, 345 So. 2d 711, 715 (Fla. 1977) ("The plea of nolo contendere admits the facts for the purpose of the pending prosecution and to that extent has the same effect as a plea of guilty . . . ." (quoting *Wharton's Criminal Procedure*, Vol. 4, p. 772, s. 1903)).

Clearly, Mr. Stump stipulated, without objection, to these facts. Accordingly, the sentences were proper. *See Alexis v. State*, 258 So. 3d 471, 472–73 (Fla. 4th DCA 2018) ("When a defendant pleads to an offense that does not require proof of sexual penetration as charged, victim injury points for penetration cannot be assessed *unless the defendant stipulates that penetration occurred* or agrees to inclusion of the points as part of a plea bargain." (emphasis added)); *see also Harden v. State*, 331 So. 3d 807, 808 (Fla. 2d DCA 2021) ("[W]hen the information charges penetration or union, the assessment of victim penetration points is error absent a specific finding that penetration occurred." (alteration in original) (quoting *Mann v. State*, 974 So. 2d 552, 554 (Fla. 5th DCA 2008))).

## Conclusion

The postconviction court properly rejected Mr. Stump's claim of scoresheet error. Therefore, we affirm the order denying Mr. Stump's rule 3.800(a) motion.

Affirmed.


KHOUZAM and ROTHSTEIN-YOUAKIM, JJ., Concur.

_____

Opinion subject to revision prior to official publication.