DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROBERT EDWARD TAYLOR,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-2439

[February 20, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Steven J. Levin, Judge; L.T. Case No. 562016CF001042A.

Carey Haughwout, Public Defender, and Christine Geraghty, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from his sentence for aggravated assault with a deadly weapon following his no contest plea. The defendant argues that the circuit court erred by accepting the victim's unsworn statement at sentencing in violation of section 921.143(1), Florida Statutes (2018). We affirm, because the defendant did not preserve this argument for review, and fundamental error did not occur.

We present this opinion in three sections:
1. The sentencing hearing;
2. The parties' arguments on appeal; and
3. Our review.

## 1. *The Sentencing Hearing*

At sentencing, during the state's presentation, the prosecutor explained that the victim, who was in the courtroom, felt emotionally unable to verbally address the court. In lieu of the victim's testimony, the state offered the victim's unsworn written statement and other documents.

In response, defense counsel stated, "I have no objection to most of [the documents], Your Honor, I would like to cross-examine the victim cause there are some statements in his letter that – [.]" The circuit court interrupted defense counsel, and stated, "Well, if he doesn't want to testify, he doesn't have to, I'll read the letter and I'll take it for what it's worth at that point." At that point, the circuit court apparently realized that it should ask for the defense's position on whether the court should review the state's documents, including the victim's unsworn written statement. The circuit court asked, "Well, legally, though, I can review them; correct?" and defense counsel responded, "Yes, Your Honor, review them."

The victim asked the prosecutor to read the unsworn statement into the record. The victim's unsworn statement detailed his injuries, his difficult recovery, and his significantly diminished quality of life after the attack. The victim explained that, among other things, he experienced severe pain, was required to wear a neck collar, and had been bedridden for nine months. He stated that he could no longer eat without pain or enjoy outdoor family activities and other social functions.

Next, the prosecutor called the victim's wife, who also was present in the courtroom, to read her unsworn written statement. The defense did not object. The wife's unsworn statement detailed the attack's aftermath and the victim's deteriorating condition. Unlike the victim, though, the victim's wife was cross-examined by defense counsel. The wife admitted that the victim had a neck injury before the assault. However, she explained that the assault aggravated the victim's preexisting injury.

Defense counsel argued, among other things, that given the victim's preexisting injuries, the defendant could not be blamed for the victim's current medical problems. Defense counsel also stated that the defendant was willing to complete probation as part of his sentence and asked the circuit court to consider supervision in lieu of additional incarceration.

In contrast, the state asked for the maximum five-year prison sentence.

In a lengthy oral pronouncement, the circuit court accepted the defendant's argument that the victim had a preexisting neck injury. However, the circuit court found that the defendant assumed the risk of the victim's condition when he attacked the victim. Ultimately, the circuit court sentenced the defendant to three years in prison, with credit for time-served, followed by house arrest for one year, then probation for one year. The circuit court explained that such a sentence would protect the victim from future contact with the defendant.

## 2. *The Parties' Arguments on Appeal*

This appeal followed. The defendant argues that the circuit court erred by accepting the victim's unsworn statement at sentencing in violation of section 921.143(1), Florida Statutes (2018). Section 921.143(1) states, in pertinent part:

> At the sentencing hearing, and prior to the imposition of sentence upon any defendant . . . the sentencing court shall permit the victim of the crime for which the defendant is being sentenced . . . to:
>
> (a) Appear before the sentencing court for the purpose of making a statement under oath for the record; and
>
> (b) Submit a written statement under oath to the office of the state attorney, which statement shall be filed with the sentencing court.

The state responds that the defendant did not preserve this argument for review because, at sentencing, the defense did not object to the admission of the victim's unsworn statement. Instead, the defense merely asked to cross-examine the victim about the statement, and then ultimately agreed that the circuit court could review the statement.

## 3. *Our Review*

We agree with the state that the defendant did not preserve this argument for review. Even if we were to treat defense counsel's request to cross-examine the victim as an objection, that objection is different than the ground upon which the defendant's appeal is based. *See Rodriguez v. State*, 609 So. 2d 493, 499 (Fla. 1992) ("It is well settled that the specific legal ground upon which a claim is based must be raised at trial and a claim different than that raised below will not be heard on appeal.").

The defendant, anticipating the state's lack of preservation claim, argues as a fallback position that even if the ground now raised on appeal was not properly raised below, we should hold that the circuit court's acceptance of the victim's unsworn statement at sentencing rises to the level of fundamental error.

We decline to hold that fundamental error occurred in this case. It is debatable whether a court's acceptance of an unsworn victim statement is

3

error at all, based on a conflict which exists between the First District and Second District on this issue. We will address that conflict in detail.

The First District, in *Patterson v. State*, 994 So. 2d 428 (Fla. 1st DCA 2008), held that a court's acceptance of a victim's unsworn statement is error. There, the defendant appealed an order summarily denying his motion for postconviction relief. *Id.* at 429. He argued his counsel was ineffective when, at sentencing, counsel failed to object to the state's reliance upon an unsworn letter from a victim's family member. *Id.* The First District reversed for an evidentiary hearing, reasoning:

> [S]ection 921.143, Florida Statutes, requires that the victim or family member either appear before the sentencing court under oath or submit a written statement under oath to the state attorney, neither of which occurred in this case. Furthermore, it is apparent that the sentencing judge relied on the erroneously admitted evidence when imposing appellant's sentence.

*Id.*

More recently, the Second District certified conflict with *Patterson* in *Dickie v. State*, 216 So. 3d 35 (Fla. 2d DCA 2017). In *Dickie*, the Second District concluded that the circuit court did not abuse its discretion when it considered several unsworn victim impact statements at sentencing. *Id.* at 39. The Second District reasoned:

> The plain language of section 921.143(1) does nothing to restrict the type of information that a court may consider when fashioning a criminal defendant's sentence. In pertinent part, section 921.143(1)(a)-(b) provides that a sentencing court "shall permit the victim of [a] crime" to "[a]ppear before the sentencing court for the purpose of making a statement under oath for the record" and "[s]ubmit a written statement under oath to the office of the state attorney." (Emphasis added.) The statute's plain language says nothing about what a sentencing court shall not permit, and courts have declined to read such restrictive verbiage into the statute.
>
> We conclude that section 921.143(1) was meant to create a narrow class of victim impact statements which the trial court shall permit to be heard prior to imposing a sentence. That is, the legislature mandated that the trial courts permit all victims of crimes the opportunity to be heard prior to the

imposition of a criminal sentence, so long as the victims' statements were made under oath. In so doing, the legislature did not sub silentio create a new sentencing doctrine precluding trial courts from considering unsworn victim impact statements in fashioning a criminal sentence. The trial court must be permitted to consider, and afford the appropriate weight to, any constitutionally and statutorily permissible information that reasonably might bear on the proper sentence for a particular defendant.

The sole judicial opinion construing section 921.143(1) as a barrier to the admissibility of unsworn victim impact statements is *Patterson*, 994 So. 2d at 429. The defendant in *Patterson* appealed from a summary denial of a motion for postconviction relief. *Id.* The First District affirmed the trial court's summary denial of all the defendant's postconviction issues, save for one; the defendant claimed his trial counsel was ineffective for failing to object to a letter from the victim's brother which was not authenticated, handwritten, or signed. *Id.* In remanding for an evidentiary hearing on this ground, the First District read section 921.143(1) as a statute which "<u>requires</u> that the victim or family member either appear before the sentencing court under oath or submit a written statement under oath to the state attorney, neither of which occurred." Accordingly, the First District reversed the summary denial of this single issue.

The *Patterson* court's construction of section 921.143(1) is unsupportable by the statute's text. The plain language of section 921.143(1) does not impose any "requirement" on victims or their families. In fact, the word "require" does not appear in the statute at all. The only constraint section 921.143(1) creates is on trial courts, to the extent that the trial courts "shall permit" victims the opportunity to be heard so long as those victims make their statements under oath. The *Patterson* court's interpretation of section 921.143(1) as "requiring" that only sworn statements of victims be considered by the trial courts markedly changes the meaning of the statute, encroaches on the legislature's role to write the laws of our state, and therefore contravenes bedrock principles of separation of powers. . . .

We disagree with *Patterson* and the proposition that unsworn victim impact statements are per se inadmissible at

5

sentencing hearings. Trial courts have the discretion to consider such statements, just as they did before passage of section 921.143(1). . . .

*Id.* at 37-39 (emphasis in original; footnotes and citations omitted).

Here, because the defendant did not preserve the argument that a court's consideration of an unsworn victim statement is error, we need not decide whether we are persuaded by the First District's or the Second District's reasoning on this issue.

However, on the defendant's fallback fundamental error argument, we hold that no fundamental error occurred. The First District, in *Baugh v. State*, 253 So. 3d 761 (Fla. 1st DCA 2018), recently held that a court's acceptance of a victim's unsworn statement does not necessarily rise to the level of *fundamental* error. The First District reasoned:

> Based on *Patterson*, the trial court erred in accepting the victim's unsworn statement in this case. However, the error did not rise to the level of fundamental error. Unlike the facts in *Patterson*, it is not apparent from the record that the court relied on the victim's unsworn statement in sentencing [the defendant] to twenty years in prison, rather than the fifteen years mandated by the PRR statute. The State did not argue for an enhanced sentence based on the victim's statement, nor did the court give any indication that it was influenced by the statement. Additionally, the twenty-year sentence was well within the court's discretion to impose and far less than the maximum of thirty years allowed by the sentencing statute and recommended by the victim.

*Id.* at 765.

As in *Baugh*, we hold in this case that any error did not rise to the level of fundamental error. Here, it is not apparent from the record that the circuit court relied on the victim's unsworn statement in sentencing the defendant to prison, rather than to probation as the defendant requested. The circuit court just as easily could have relied on victim's wife's testimony at the sentencing hearing, which also discussed the victim's injuries and trauma from the assault. Or the trial court could have relied upon the very violent nature of the assault itself. Additionally, the three-year sentence was well within the court's discretion to impose and less than the maximum of five years allowed by statute and recommended by the state.

6

Based on the foregoing, we affirm the defendant's sentence.

*Affirmed.*

CIKLIN and KUNTZ, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**