# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**TRISTAN MICHAEL BAILES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2022-1988

[January 10, 2024]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Sherwood Bauer Jr., Judge; L.T. Case No. 432019CF000077B.

Carey Haughwout, Public Defender, and Timothy Wang, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Kimberly T. Acuña, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

Appellant appeals his convictions of home invasion robbery and grand theft of a firearm, raising four issues: (1) the trial court erred in admitting testimony from a detective relating to a video allegedly in violation of the best evidence rule, (2) the trial court committed fundamental error by considering letters from the victims during sentencing, (3) the trial court erred in denying a motion to correct sentence regarding victim injury points and the amount of costs, and finally (4) the trial court erred in not using a twelve-person jury. We affirm on all issues, but we remand for correction of a scrivener's error concerning the cost of prosecution.

Appellant, the codefendant, and three other individuals broke into a residence in the middle of the night, with masks and guns. The robbers targeted the residence because appellant had been inside the residence before and knew it contained guns and drugs. Three victims resided in the residence, two of whom were present at the time of the break-in. The robbers hit the female victim and pointed their guns at her. The female

victim recognized the codefendant as one of the robbers and also recognized appellant's voice.

Two days after the robbery, the codefendant posted a photo on Instagram of himself and a girl posing with an AR15 rifle. One of the male victims recognized that rifle as having been stolen from his home. The police arrested the codefendant, who testified at appellant's trial in exchange for a cap on his own sentence.

The detective testified that he detained appellant based on information from the codefendant and a Snapchat video appellant posted. The detective stated the Snapchat video was "about some of [the codefendant's] dirt being all of his dirt um, in laymen's terms, if [the codefendant] did something then [appellant] was involved in that . . . ." Defense counsel did not object to this testimony by the detective.

Appellant's interrogation was published to the jury without objection. During the interrogation, the detective questioned appellant about statements appellant made in the Snapchat video.

The detective testified that, during appellant's interrogation, the detective played a recording on his old work phone from appellant's Snapchat account. The detective then testified about statements appellant made in the Snapchat video. The defense objected to the detective's testimony on the grounds that the detective was interpreting the video. The trial court overruled this objection. During the latter part of the interrogation, appellant admitted he rode to the robbery, but claimed he waited at the car.

Defense counsel later noted her previous objection and moved for a mistrial on the grounds that the detective interpreted the Snapchat video. Defense counsel also noted that the detective "doesn't have the actual video anymore, his phone broke and the video was on his phone so this is the best we've got." The trial court denied the motion for mistrial.

The jury convicted appellant of home invasion robbery and grand theft of a firearm. The jury did not find appellant carried a firearm or wore a mask. During sentencing, the state read two unsworn letters from the victims without any objection from the defense. The letters described how the robbery had affected one of the victims. Neither letter requested a specific sentence. One letter requested an "appropriate sentence," while the other letter asked the court to "choose what is best." The state requested the maximum sentence of thirty-five years.

2

The trial court sentenced appellant to fourteen years of imprisonment followed by six years of probation for home invasion robbery and a concurrent term of five years of imprisonment for grand theft of a firearm. The trial court orally imposed $100 for cost of prosecution. During the pendency of the appeal, appellant filed a motion to correct sentence, arguing that his scoresheet erroneously included victim injury points and that the written cost order listed $200 for the cost of prosecution, contrary to the trial court's oral pronouncement.[1]

## 1. Best Evidence Rule

On appeal, appellant argues the trial court erred by allowing the detective to testify regarding a Snapchat video that was not introduced into evidence in violation of the best evidence rule. *See* §§ 90.952-90.954, Fla. Stat. (2022).

A trial court's ruling on the admission of evidence is reviewed for abuse of discretion, as limited by the rules of evidence. *Dyer v. State*, 26 So. 3d 700, 703 (Fla. 4th DCA 2010).

We find that this issue is not preserved because the objection raised at trial is different than the argument raised on appeal. *See Rodriguez v. State*, 609 So. 2d 493, 499 (Fla. 1992). During trial, the defense objected to the detective's testimony only on the grounds that it was improper opinion testimony interpreting a recording that was in evidence. The defense did not object on the grounds that the detective's testimony violated the best evidence rule. In fact, defense counsel waived this issue by conceding that the detective "doesn't have the actual video anymore, his phone broke and the video was on his phone so *this is the best we've got.*" (emphasis added).

Even if there had been error, any error would have been harmless. *State v. DiGuilio*, 491 So. 2d 1129, 1135 (Fla. 1986). Before the interrogation was published, the detective testified without objection that he detained appellant based, in part, on a Snapchat video appellant posted "about some of [the codefendant's] dirt being all of his dirt . . . ." Because the complained-of testimony was merely cumulative to unobjected-to testimony, it cannot be said that it contributed to the verdict. *Erickson v. State*, 565 So. 2d 328, 334-35 (Fla. 4th DCA 1990).

## 2. Fundamental Error in Sentencing

---

[1] The trial court did not rule on the motion within 60 days; thus, it was deemed denied by operation of law. Fla. R. Crim. P. 3.800(b)(2)(B).

Appellant next argues that the trial court fundamentally erred in considering the victims' letters at sentencing because the victims did not testify or submit a sworn written statement in violation of section 921.143(1), Florida Statutes (2022), which states:

> At the sentencing hearing, and prior to the imposition of sentence upon any defendant . . . , the sentencing court shall permit the victim of the crime for which the defendant is being sentenced . . . to:
>
> (a) Appear before the sentencing court for the purpose of making a statement *under oath* for the record; and
>
> (b) Submit a written statement *under oath* to the office of the state attorney, which statement shall be filed with the sentencing court.

(emphasis added).

An allegation that a trial court considered constitutionally impermissible sentencing factors is fundamental error which is reviewable for the first time on direct appeal. *Hillary v. State*, 232 So. 3d 3, 4 (Fla. 4th DCA 2017). Fundamental error is error that reaches down into the validity of the trial itself to the extent that a guilty verdict could not have been obtained without the assistance of the alleged error. *State v. Delva*, 575 So. 2d 643, 644-45 (Fla. 1991). In the context of sentencing,

> in order to be considered fundamental, an error must be serious. In determining the seriousness of an error, the inquiry must focus on the nature of the error, its qualitative effect on the sentencing process and its quantitative effect on the sentence. In most cases, a fundamental sentencing error will be one that affects the determination of the length of the sentence such that the interests of justice will not be served if the error remains uncorrected.

*Maddox v. State*, 760 So. 2d 89, 99-100 (Fla. 2000) (citation omitted).

Appellant concedes that this issue is not preserved and, as such, raises a claim of fundamental error. Contrary to appellant's contention, no fundamental error occurred. *Taylor v. State*, 264 So. 3d 1135 (Fla. 4th DCA 2019), is instructive. In that case, the trial court accepted the victim's unsworn statement at sentencing. *Id.* at 1137. On appeal, this court

noted that "[i]t is debatable whether a court's acceptance of an unsworn victim statement is error at all." *Id.* at 1138. Regardless, we concluded that any error did not rise to the level of fundamental error, explaining:

> Here, it is not apparent from the record that the circuit court relied on the victim's unsworn statement in sentencing the defendant to prison, rather than to probation as the defendant requested. The circuit court just as easily could have relied on victim's wife's testimony at the sentencing hearing, which also discussed the victim's injuries and trauma from the assault. Or the trial court could have relied upon the very violent nature of the assault itself. Additionally, the three-year sentence was well within the court's discretion to impose and less than the maximum of five years allowed by statute and recommended by the state.

*Id.* at 1139-40.

Similarly, in the instant case, any error did not rise to the level of fundamental error. At trial, the court heard testimony that the female victim awoke in the middle of the night to find multiple masked men wielding guns in her home. The robbers hit her in the ribs and in the leg with guns. The robbers pointed their guns at her head. She did not know if she was going to be shot.

The fact that the female victim was traumatized by the incident was not disputed. In cross-examining the female victim, defense counsel stated, "Ma'am, I know just watching you how traumatic this was and . . . you'll probably live with it for the rest of your life . . . ." In closing argument at sentencing, defense counsel recognized that the female victim was "traumatized" by the incident.

The trial court relied on the nature of the crime itself and the details of the crime in imposing sentence. The trial court noted the "bad set of facts" and that appellant violated the sanctity of the victims' home. Neither of the victims' letters requested a specific sentence; rather, they both deferred to the trial court. Further, the sentenced imposed by the court was less than the maximum allowed by statute and recommended by the state. As such, we find that this does not rise to the level of fundamental error.

### 3. Motion to Correct Sentence

Appellant also argues the trial court erred in denying his motion to correct sentence for two reasons. First, the scoresheet's inclusion of victim

injury points without a jury finding violated the Sixth Amendment, and second, the written cost order was contrary to the trial court's oral pronouncement.

A motion to correct a sentencing error is reviewed de novo. *Guadagno v. State*, 291 So. 3d 962, 962 (Fla. 4th DCA 2020). "A trial court's assessment of victim injury points is reviewed for an abuse of discretion. If there is competent substantial evidence to support the findings, the court's assessment of victim injury points will be upheld." *Bean v. State*, 264 So. 3d 947, 950 (Fla. 4th DCA 2019) (citation omitted).

We find that appellant waived any challenge to the victim injury points during the sentencing hearing when defense counsel stated that she had no objection to the scoresheet. *See Dames v. State*, 186 So. 3d 593, 594-95 (Fla. 4th DCA 2016). Additionally, no jury finding was required as to victim injury points. *See Bean,* 264 So. 3d at 951 ("The scoring of victim injury points establishes the lowest permissible sentence pursuant to the Criminal Punishment Code, but it is not a fact which increases a mandatory minimum sentence.").

Appellant further argues that the written sentencing order imposed $200 for prosecution costs after the trial court orally pronounced the cost of prosecution would be $100. As the state correctly concedes error on this issue, we remand for correction of this scrivener's error. *See State v. Akins,* 69 So. 3d 261, 269 (Fla. 2011).

### 4. Twelve-Person Jury

Finally, appellant asserts he was entitled to a twelve-person jury. We affirm based on *Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *review denied*, SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023), *cert. pending*, No. 23-5173 (U.S. July 21, 2023).

In summary, we affirm on all issues, but we remand for the trial court to correct the written sentencing order to conform with the trial court's oral pronouncement.

*Affirmed and remanded with instructions.*

KLINGENSMITH, C.J., and GROSS, J., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**